## VALENTINE HOFMANN
*v.*
## JAMES D. BURRIS.

*Opinion filed June 23, 1904.*

1. COURTS—*when equity will not re-examine question decided at law.* A court of equity will not review the decision of a court of law in overruling a motion to set aside a default after hearing the evidence in support of such motion, in the absence of any new ground for setting the default aside.

2. SAME—*what defenses are available at law.* A defense that the cause of action had been satisfied or that the suit was not brought in the name of the proper party is available at law.

3. PLEADING—*when defense may be considered though not expressly averred by answer.* Adjudication by a court of law having concurrent jurisdiction of the question may be considered by a court of equity, although not expressly averred in the answer, where the fact of such adjudication fully appears from the bill itself.

*Hofmann* v. *Burris*, 110 Ill. App. 348, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is a proceeding in chancery, brought in the superior court of Cook county by Valentine Hofmann, the appellant, to set aside a judgment theretofore entered by default against him in a suit in assumpsit in said superior court wherein James D. Burris was plaintiff; also to restrain Ernest J. Magerstadt, sheriff of said county, from enforcing the collection of said judgment under an execution theretofore issued to him, and praying that said judgment be re-opened and a new trial granted in the suit at law, with leave to Hofmann to plead and defend therein. James D. Burris, J. G. Meek and Ernest J. Magerstadt, sheriff of Cook county, were made defendants to the bill. The defendants demurred, but later withdrew the demurrer and answered, and the complainant replied to the answers. The cause was then referred

to the master in chancery to take the evidence and report his conclusions thereon.

On August 15, 1895, James D. Burris and Valentine Hofmann entered into a written contract, by which Burris agreed to sell and Hofmann agreed to purchase certain lots in the city of Chicago for $25,000. The contract recited that Hofmann had paid $300 of the purchase money, and by its terms Hofmann further agreed to pay the sum of $9700 within five days after the title was found good and a warranty deed was ready for delivery, and to give a note for $2000 with Alves Hofmann as surety; also to pay the balance, $13,000, in three equal installments, due, respectively, one, two and three years from the time of the delivery of the deed, and to deliver to Burris two hundred and sixty shares of stock of the Brewer & Hofmann Brewing Company, of the par value of $26,000, to be held by him as collateral security for the payment of the $13,000.

The $9700 was paid to Burris, and three notes, aggregating $2000, one being for $500, were delivered to him, as was also a certificate for two hundred and sixty shares of the brewery stock standing in the name of Valentine Hofmann. Burris held the legal title to these lots only for the purpose of securing an indebtedness for $10,500 due him from J. G. Meek, who was the equitable owner, and Burris retained the $10,000 paid in cash and the note for $500 and endorsed the other two notes over to Meek, and also delivered to him the contract and the certificate of stock as collateral for the $13,000 still due under the contract. The three notes were subsequently paid by Hofmann.

On April 20, 1898, a suit in assumpsit was brought in the superior court of Cook county in the name of James D. Burris, as plaintiff, against Valentine Hofmann. The declaration, filed May 27, 1898, consisted of the common counts, and damages were laid at $20,000. Hofmann was duly served with summons to appear at the May term of

said court.  On June 14, 1898, no plea or demurrer hav-
ing been filed to the declaration, a default was taken
against Hofmann and a judgment entered in said suit for
$14,935, being the amount, with interest, which was se-
cured by the brewery stock.  On June 16, 1898, Hofmann,
by his attorneys, moved the court to set aside said judg-
ment, and filed affidavits in support of such motion to
show that attorneys had been retained by Hofmann, as
soon as he was served with summons, to defend said suit;
that one of these attorneys had examined the files in
said suit on May 1, and again on June 1, 1898, to ascer-
tain whether a declaration had been filed therein, and
also examined the clerk's register on each of those dates
for a notation of the filing of such declaration, but that
there was no declaration among the files in the cause or
any entry on the clerk's register of the filing thereof on
either of said dates last mentioned.  Hofmann made an
affidavit to the effect that he was not indebted to Burris
in any sum; that the obligation, if any, is to Meek, and
that before Meek has any claim on deponent he should
return said stock, and that the only claim that can be
made upon him on account of the indebtedness mentioned
in said contract must be with the holder of the stock,
and that Burris did not have possession thereof when
the suit was begun.  The court, after considering the
motion and affidavits, overruled the motion, and Hof-
mann thereupon prayed an appeal to the Appellate Court
for the First District, which appeal, however, was never
perfected.  Afterwards execution was issued upon such
judgment and placed in the hands of Magerstadt, the
sheriff of Cook county, for service.

On February 14, 1899, the bill in this cause was filed.
The reasons given in the bill and attempted to be proved
as a basis for relief are the same as those insisted upon
before the court of law in support of the motion to set
aside the judgment and grant a new trial therein, except
that in this proceeding complainant sought to prove that

after the execution of the contract Meek had accepted the $26,000 of brewery stock in satisfaction of the $13,000, and the defense that Meek should return the stock before bringing suit is not presented. The master, however, finds that there was no agreement to cancel the contract or to accept the stock in satisfaction of the $13,000, and that therefore Hofmann has not shown in this cause that he has any defense to the suit at law upon which judgment has been entered, and that, even if Hofmann's defense, which he attempted to show in this cause, had been established, still he was guilty of negligence and *laches* in not presenting such defense in his affidavit filed in support of his motion to set aside the judgment in the court of law; that the matters set out in the affidavit of Hofmann, filed in support of said motion, do not show a good defense, and that the court decided correctly in overruling said motion. The master also finds that a declaration was duly filed in the suit at law on May 27, 1898, and that the fact of such filing was properly noted on the clerk's register not later than the following day, and that the attorneys for Hofmann were negligent in not filing pleas or demurrers to the declaration; that the action of the court of law is *res judicata* of the matters involved in this proceeding, and that for the reasons above set forth the bill should be dismissed for want of equity.

Objections were filed by Hofmann to this report and were overruled by the master. These objections were ordered by the court to stand as exceptions in the superior court, and they were there again overruled and a decree entered dismissing the bill for want of equity and awarding costs against the complainant. An appeal was thereupon taken to the Appellate Court for the First District, where the judgment of the superior court was affirmed. Hofmann now appeals to this court.

FRANK P. BLAIR, and L. A. GILMORE, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The judgment here assailed was recovered upon default of the defendant in the suit at law, who is appellant here. Section 40 of chapter 110 of Hurd's Revised Statutes of 1903 provides: "The court may, in its discretion, before final judgment, set aside any default, and may, during the term, set aside any judgment upon good and sufficient cause, upon affidavit, upon such terms and conditions as shall be deemed reasonable." Under this statute we have held that where an application is made to set aside a judgment by default during the term, the same should be granted by the court where it appears that the defendant has a meritorious defense and that he has been guilty of no negligence in suffering default and judgment to go against him, and that the action of the *nisi prius* court in denying such a motion is reviewable. (*Mason* v. *McNamara*, 57 Ill. 274.) At the term at which the judgment here under consideration was entered appellant moved to set aside the default and judgment, and in support of that motion sought to show that he had been guilty of no negligence and that he had a meritorious defense to the action. This motion was overruled by the superior court, and thereupon appellant prayed an appeal in that case, which, however, he did not prosecute.

The present bill presents to the equity side of the court the same matter that was presented to the law side by the motion, viz., the contention of the appellant that he has a good defense to the suit at law upon the merits, and that he was guilty of no *laches* in failing to present the same prior to the time he was defaulted. Inasmuch as this matter was fully considered and determined upon that motion it cannot be again considered by the court upon this bill.

"Where courts of law and equity have concurrent jurisdiction over a question, and such question is decided at law, equity will not re-examine it." *Telford* v. *Brinkerhoff*, 163 Ill. 439; *Folsom* v. *Ballard*, 70 Fed. Rep. 12; *Simpson*

v. *Hart,* 1 Johns. Ch. 97; *Matson* v. *Field,* 10 Mason, 100; *Orcut* v. *Orms,* 3 Paige, 459; *Smith* v. *Lowry,* 1 Johns. Ch. 320.

While it is true that the loss of a defense will justify a court of equity in setting aside a judgment where the defendant has been without fault and it appears that he has a meritorious defense, still a court of equity will not move where it also appears that upon a motion to set aside the judgment the right of the defendant to have the same set aside has been passed upon at law. An exception to this rule exists where, after the motion to set aside the default had been disposed of, some matter comes for the first time to the knowledge of the defendant which was not urged in support of the motion, and which constitutes a sufficient ground for setting aside the judgment when taken in consideration with other facts which in themselves are insufficient. The case of *Wilday* v. *McConnel,* 63 Ill. 278, relied upon by appellant, is of this character. There, after judgment had been entered in the suit at law, the defendant moved to set the same aside, and sought to show in support thereof that he had a good defense to the action and that he had not been served with summons. The court overruled his motion. Afterwards he filed his bill to enjoin the collection of the judgment and praying for a new trial. In the suit at law the executor of one McConnel was the plaintiff, and in the bill complainant (defendant in the law suit) averred that he had paid a large portion of the amount involved in the judgment to McConnel in his lifetime, "for which he had receipts, but which had been mislaid and forgotten and only found since the denial of his motion for setting aside the verdict." This court, in holding that he was entitled to relief in equity, made this statement: "The receipts had been forgotten at the time the default was entered, and when the motion was made to set it aside their existence had not occurred to the defendant. Had he been present at the calling of the case and pleaded, he had no available defense without

the evidences of his payments." In the case at bar nothing is stated by the bill of appellant that was not fully known to him when he applied for relief in the suit at law.

It is said, however, that appellant's defense to the suit at law is one which he could not have made except by bill in equity enjoining the prosecution of the action. The defenses suggested are two: First, that the cause of action had been satisfied; and second, that if not satisfied the suit was brought in the name of the wrong plaintiff. Both of these defenses were entirely available at law.

It is then said that the answer of appellee to the bill does not aver that appellant had an adequate remedy at law, wherefore that defense cannot be insisted upon. The defense interposed, as we understand it, is not that appellant should have resorted to a court of law, but that he has already done so, and that such court has concurrent jurisdiction with a court of equity to grant the relief sought. The appellant argues, however, that this view amounts to a holding that the matter has been adjudicated, and that such a defense cannot be considered by this court because not interposed by the answer. While the answer does not expressly aver that there had been an adjudication, that fact fully appears from the bill, which sets out the motion, the affidavits in support thereof and the action of the court thereon, and may properly be considered in determining the question, even though the defendants withdrew the demurrer which they had filed and answered the bill. 1 Beach on Modern Eq. Pr. sec. 276; *Gordon* v. *Reynolds,* 114 Ill. 118; *Grimmer* v. *Friederich,* 164 id. 245; *Kesner* v. *Miesch,* 204 id. 320; *Baumgartner* v. *Bradt,* 207 id. 345.

It is unnecessary to consider the other questions discussed by counsel.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*