## In re PILCHER & SON.

(District Court, M. D. Alabama, S. D. November 30, 1915.)

*(Syllabus by the Court.)*

1. BANKRUPTCY ☞196—PREFERENTIAL LIEN—LEVY OF EXECUTION—RECORDED JUDGMENT.

    A plaintiff who had obtained a judgment in the state court against his debtor, and had recorded said judgment more than four months prior to the filing of a voluntary petition in bankruptcy by his debtor, and who had levied an execution founded upon such judgment upon the property of his debtor, has a valid and subsisting preferential lien; and, for the preservation of this lien, it was not necessary under the Alabama statute (Code Ala. 1907, § 4157) for the plaintiff to have his judgment recorded in Geneva county after the property was removed there from Houston county.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ☞196.]

2. BANKRUPTCY ☞211—JURISDICTION—STATE AND BANKRUPTCY COURT—PROPERTY SUBJECT TO PREFERENTIAL LIEN.

    The rule that the court which first obtains rightful jurisdiction over a subject-matter is not to be interfered with by any other court is applicable in the court of bankruptcy, and where a state court had first obtained rightful jurisdiction over a subject-matter through liens created by the rendition and recording of judgments of such court more than four months prior to the filing of the petition in bankruptcy by the defendants in the state court, and where it was shown that such judicial liens aggregated $2,186.74 (besides interest), and that the value of the property levied on by the sheriff in the enforcement of the liens was only $1,500, and that the sheriff was pursuing his lawful right and duty in levying the executions, such property, taken from the sheriff by a receiver in bankruptcy, will be turned back into the custody of the state court.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. ☞211; Courts, Cent. Dig. § 1331.]

3. BANKRUPTCY ☞194—PROPERTY SUBJECT TO PREFERENTIAL LIEN—VALIDITY OF ORDER.

    An order of a referee in bankruptcy, directing a receiver in bankruptcy to take charge of and administer, as a part of the assets of a bankrupt estate, certain property upon which another, more than four months before the filing of the petition in bankruptcy, had obtained a valid judicial lien in the state court, was improvidently granted; and, on timely application, such order will be vacated, and the property turned back into the custody of the officer of the state court, from whom it was taken by the receiver in bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 287, 289; Dec. Dig. ☞194.]

4. BANKRUPTCY ☞211—PROPERTY SUBJECT TO JUDICIAL LIEN—CLAIMS OF THIRD PERSONS—DETERMINATION.

    In such case the court will not consider the suggestion that parties other than the claimants in the bankruptcy court (plaintiffs in the state court) have made claims to certain fixtures, a part of the goods levied on, while in the custody of the receiver in bankruptcy, but will leave such third parties to whatever rights they may have by demand upon the sheriff, or other appropriate action in the state court.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. ☞211; Courts, Cent. Dig. § 1331.]

In Bankruptcy. In the matter of Pilcher & Son, bankrupts. On petition of R. L. Towles and others for an order vacating order of referee. Ordered according to opinion.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Farmer & Farmer, of Dothan, Ala., for claimants.
Sollie & Sollie, of Ozark, Ala., for receiver in bankruptcy.

HENRY D. CLAYTON, District Judge. This cause, coming on to be heard, is submitted for order and decree upon the petition of E. R. Porter and others for an order vacating the order of the referee, heretofore made, authorizing and directing R. L. Towles, as the receiver appointed in the above bankruptcy matter, to take charge of and administer, as a part of the assets of the bankrupt estate, a certain stock of goods, wares, merchandise, store furniture, etc., located in the town of Hacoda, in Geneva county, Ala.

It appears that E. R. Porter Company on May. 1, 1915, obtained a judgment in the circuit court of Houston county, Ala., against the bankrupts in this case, for the sum of $609.03; that the Dothan Grocery Company on said May 1, 1915, also obtained a judgment against the bankrupts, defendants in the state court, for the sum of $1,547.71; that on May 3, 1915, W. A. Brown, as clerk of the circuit court of Houston county, issued certificates of judgments—one in favor of E. R. Porter and against the defendants, bankrupts here, and the other in favor of said Dothan Grocery Company and against the bankrupts, as provided by section 4156, Code of Ala. 1907—and that said certificates of judgments were filed in the office of the judge of probate of said Houston county on May 4, 1915, and were duly recorded; that the recording of said judgments in the office of the judge of probate of Houston county created a lien under the laws of Alabama on all the property of the defendants, later the bankrupts in this case, located in Houston county, which was subject to levy and sale under execution; that on the date of the recording of said certificates of judgments the bankrupts owned a stock of goods, wares, merchandise, fixtures, etc., located in the city of Dothan, Houston county, Ala.; that on or about July 27, 1915, the said stock of goods, fixtures, etc., were removed by the said bankrupts from said city of Dothan, Houston county, Ala., to the town of Hacoda, in Geneva county, Ala.; that on October 21, 1915, the said certificates of judgments issued by the said W. A. Brown, as clerk of the circuit court of Houston county, Ala., were recorded in the office of the judge of probate of Geneva county, Ala.; that on October 13, 1915, executions, one in favor of E. R. Porter Company and against the bankrupts, and another in favor of Dothan Grocery Company and against the bankrupts here, were issued by said W. A. Brown, clerk aforesaid, and placed in the hands of G. W. Griffin, sheriff of Geneva county, and levy under said executions was made by said sheriff on the said stock of goods, wares, merchandise, fixtures, etc., belonging to the said bankrupts, defendants in the state court, located at Hacoda, in Geneva county, Ala.; that on or about the 1st day of November, 1915, two or three days before said stock of goods, fixtures, etc., were to be sold by the said sheriff of Geneva county under the said executions, a voluntary petition in bankruptcy was filed by the said Pilcher & Son, W. C. Pilcher, and Clay Pilcher, and on said date the referee appointed one R. L. Towles as receiver; that said Towles, as such receiver, went to Hacoda and there

seized and took possession of the said stock of goods, fixtures, etc.; that the inventory cost of said property, so seized by the sheriff and receiver, amounted to the sum of about $2,900; and that all of said property is not worth more than the sum of $1,500.

Upon this hearing the facts set forth in the petition filed by E. R. Porter Company and others were established to the satisfaction of the court; indeed, they were admitted in the argument, by the attorney for the receiver, to be true.

[1] 1. Thus it is established that the claimants have valid and subsisting preferential liens on this property—judgment liens—and were attempting to enforce those liens by levy of executions from the state court upon the stock of goods here involved, when the same were taken by the receiver of this court from the sheriff. Section 4157, Code of Ala. 1907, relating to judgment liens, is in the following language:

"Every judgment or decree, when filed as provided in the preceding section, shall be a lien on all the property of the defendant in the county where filed, which is subject to levy and sale under execution, and such lien shall continue for ten years from the date of such judgment. The filing of the judgment or decree shall be notice to all persons of the existence of the lien."

And the Alabama statute, relating to the levy of executions for the enforcement of judgments, is in the following language:

"The party in whose favor a judgment is rendered, whether for debt, damages, or costs, for the satisfaction thereof, may, within a year thereafter, have a writ of fieri facias against the lands and goods of the party against whom such judgment is rendered; and when the judgment is for specific property, or the alternate value, or for the possession of lands, appropriate writs of execution may issue for the satisfaction thereof;" etc. Code 1907, § 4077.

And the judicial liens in this case were created or obtained prior to four months before the filing of the voluntary petition in bankruptcy. Of course, by the removal of the stock of goods, fixtures, etc., from the county of Houston to the adjoining county of Geneva, the judgment liens of the claimants were not invalidated, and it was not necessary for the claimants to have recorded their judgments in the county of Geneva (which they did) in order to preserve their liens upon the property. Street, Ex'r, v. Duncan, 117 Ala. 572, 23 South. 523; McMahan v. Green, 12 Ala. 71, 73, 46 Am. Dec. 242.

It is settled law that liens obtained by a judgment prior to four months before bankruptcy are valid, and are so recognized by the bankruptcy court. 1 Loveland on Bankr. 926, and authorities cited in note 14. It is equally settled law that the statute of the state upon which the lien depends will govern. Loveland on Bankr. 928, 929. See footnote 19. As it was said in Rankin v. Scott, 12 Wheat. 179, 6 L. Ed. 592:

"The principle is believed to be universal that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a court of law or equity to a subsequent claimant."

See, also, Howard v. Railroad Co., 101 U. S. 837, 845, 25 L. Ed. 1081.

[2] 2. The rule that the court which first obtains rightful jurisdiction over a subject-matter is not to be interfered with by any other court is applicable in this case, because the state court had first acquired rightful jurisdiction over the subject-matter by the liens created by the judgments obtained, and recorded as provided by the Alabama statutes, four months prior to the filing of the voluntary petition in bankruptcy in this court. In Blair v. Brailey, 221 Fed. 1, 136 C. C. A. 524, by Walker, Circuit Judge, it is said:

"The general rule prevails to prevent any interference even by a court of bankruptcy with another court's control over property which rightfully has been subjected to its jurisdiction, if that jurisdiction attached more than four months before the petition in bankruptcy was filed. Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. It is not 'all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent,' which, under the provisions of section 67 of the Bankruptcy Act [Act July 1, 1898, c. 541, 30 Stat. 564 (Comp. St. 1913, § 9651)], are to be deemed null and void, but only such levies, judgments, etc., so obtained 'at any time within four months prior to the filing of a petition in bankruptcy.' Where a valid judicial lien or levy has been secured or made four months or more prior to the bankruptcy, proceedings to enforce the same may be prosecuted to the end. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; In re Koslowski (D. C.) 153 Fed. 823."

And further it is said:

"When a court having jurisdiction of the parties and the subject-matter has taken property into its possession, such property is thereby withdrawn from the jurisdiction of all other courts, and the court so in possession has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property, though that court is not one of bankruptcy, and though the property so in its possession is part of the estate of one who was adjudged a bankrupt on a petition filed in a court of bankruptcy after the first mentioned court's possession was acquired. Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Wabash Railroad v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; In re Antigo Screen Co., 123 Fed. 249, 59 C. C. A. 284."

And in the same case, it was also said:

" * * * Two of the prime aims of the Bankruptcy Act are to make provisions for the application to the satisfaction of an insolvent's debts of so much of his property as is subject to be so applied, and to afford him the opportunity, conditioned upon his compliance with the requirements of the act, of securing a discharge from the liabilities which his debts imposed. Congress took notice of the fact that courts without bankruptcy jurisdiction may be, and constantly are, resorted to for the enforcement of the demands of creditors, and specified the extent to which what may have been done to that end in such other courts should be avoided by an adjudication of bankruptcy. So far as the first above mentioned object of the Bankruptcy Act is concerned, the jurisdiction of the court of bankruptcy is not made so paramount that an adjudication of bankruptcy terminates the right of another court to continue to administer property which, four months or more before the filing of the petition in bankruptcy, had been brought within its grasp under its process for the satisfaction of demands duly asserted against the party subsequently adjudged bankrupt. As has been shown above, the act withholds from the court of bankruptcy the right to draw to itself the administration of property * * * which is so situated. We are referred to the ruling made in Bank of Andrews v. Gudger, 212 Fed. 49, 128 C. C. A. 505, as supporting a conclusion at variance with the one just stated. It was held in that case that the right of the court of bankruptcy to the custody and administration of property of the bankrupt was superior to that of another court

which had acquired possession of the property by proceedings to which no creditor of the bankrupt was a party, the rights in the property of all who were parties to the suit being plainly subordinate to those of the bankrupt's creditors. In the course of the opinion * * * in that case it was said: 'Such a case is entirely apart from those cases in which a creditor has gone into the state court and established or acquired by his suit a legal or equitable lien on the property in the hands of the court four months before the filing of the petition in bankruptcy. In such cases the courts have held that the creditor is entitled to enforce his lien in the first court that acquired jurisdiction.' Bank of Andrews v. Gudger, 212 Fed. 54, 128 C. C. A. 510."

[3] 3. It therefore appears to me that the order of the referee taking the stock of goods, fixtures, etc., out of the hands of the sheriff and putting the same into the possession of the receiver in bankruptcy was improvidently granted, must be vacated, and the property turned back to the sheriff, who was in the rightful custody of it. The application to vacate such order of the referee should be timely made. Here the application was so made. The order of the referee was not entered until November 1, 1915, the receiver had done nothing with respect to the property except to care for it, and the application to vacate the order was filed November 22, 1915.

It is clear that the judgment liens on the property were created more than four months prior to the filing of the petition in bankruptcy; that the liens aggregate $2,186.74, besides interest; that the stock of goods and fixtures are only of the value of about $1,500, $686.74 less than the amount of the judgment liens; and that the sheriff was pursuing his lawful right and duty in levying the executions for the enforcement of such prior judgment liens.

[4] 4. It was insisted in the argument that certain parties, other than the claimants here, had made claims in the above bankruptcy matter to certain fixtures or furniture, a part of said stock of goods, which the sheriff advertised for sale under the executions issued pursuant to said judgments, and that this court ought now to pass upon such claims. It is manifest that the action of this court is not requisite in that regard. Those other claims, which have just been·mentioned, can be asserted, if valid, by demand upon the sheriff, or by other appropriate action in the state court.

The order will be accordingly entered.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes