## No. 11,016.

### SMITH v. FIRST NATIONAL BANK OF STERLING.

Decided July 7, 1924.

On motion to quash a writ of execution. Motion over-ruled.

### *Affirmed.*

#### *On Application for Supersedeas.*

1.  BANKRUPTCY—*Judgment and Execution.* A motion to quash a writ of execution levied upon the property of a bankrupt, properly overruled, although defendant was adjudged a bankrupt within four months after the rendition of the judgment, there being no trustee in the bankruptcy proceedings, and such liens being void only as against a trustee and those claiming under him.

2.  *Liens.* Under clause f, of the federal bankruptcy act, before a lien on the bankrupt's property obtained through legal proceedings can be deemed null and void, it must appear that he was insolvent at the time of the creation of the lien.

3.  *Judgment Lien.* A lien created by levy under a writ of execution is not destroyed by defendant's discharge in bankruptcy, although the judgment was released by such discharge.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. McCONLEY & McCONLEY, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

ON November 25, 1922, the First National Bank of Sterling obtained a judgment on a judgment note against L. D. Smith, the maker thereof. On the same day a writ of execution was issued, running against the property of the judgment debtor. The defendant filed a motion to quash the writ of execution. The motion recited the facts above stated, and further alleged among other things, that the sheriff levied upon the personal property of the defendant; that the writ is still unsatisfied and not returned; that within four months from the rendition of the judgment, the defendant "made voluntary petition in bankruptcy" in the United States District Court, and was thereafter adjudged a bankrupt and obtained a discharge in bankruptcy. The motion to quash execution was overruled. The defendant sued out this writ of error to review the overruling of the motion, and applies for a supersedeas.

Both sides rely upon the federal bankruptcy act, and decisions thereunder. It is conceded that clause (f) of section 67 of the Bankruptcy Act of 1898, as amended by the act of February 5, 1903, and the act of June 15, 1910, is applicable in the instant case. So far as material, that clause reads as follows:

"f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice,

order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

No trustee was ever appointed in the bankruptcy proceedings involved in this case. In *Miller v. Barto*, 247 Ill. 104, 93 N. E. 140, it was held that where property of a bankrupt never passed to a trustee, a judgment lien thereon was not divested. In *Rochester Lumber Co. v. Locke*, 72 N. H. 22, 54 Atl. 705, it was held that the provision of the United States bankruptcy act of 1898, that liens obtained within four months prior to the filing of a petition shall be void and property of the bankrupt shall be released therefrom, was enacted solely for the benefit of creditors, and does not affect a lien created by attachment, as against the bankrupt himself. Liens are avoided only as against the trustee in bankruptcy and those claiming under him. 7 C. J. 197. There having been no trustee appointed, it was not error, in view of the foregoing authorities, to overrule the motion to quash execution.

Under clause f, above quoted, before a lien "obtained through legal proceedings * * * shall be deemed null and void," it must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. *Simpson v. Van Etten*, 108 Fed. 199, 6 Am. Bankr. Rep. 204; 7 C. J. 197. Neither the motion to quash, nor anything contained in the record or bill of exceptions, shows that defendant was insolvent at the time the writ of execution was issued. For this reason also, the motion to quash the execution was properly overruled.

The plaintiff in error contends, in effect, that inasmuch as the judgment was released by the discharge in bankruptcy, citing 7 C. J. 398, the lien created by the levy under the writ of execution also is destroyed. The answer to this contention is found in 7 C. J. 411, where it is said:

"Where a lien has obtained through attachment, garnishment, or other mesne process, and it is not avoided by ad-

judication of bankruptcy, it remains in force, notwithstanding a discharge of the bankrupt;  *  *  *."

It has also been held that, where a valid lien is incident to a debt and the debt is discharged, the lien nevertheless remains.  2 Collier on Bankruptcy (12th Ed.) 1036.

The application for a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE BURKE, concur.