L. L. CADWALLADER, ASSIGNEE *vs.* ALFRED DULAC ET ALS.

Kennebec.      Opinion February 21, 1930.

*James L. Boyle*, for plaintiff.
*Louis L. Levine*,
*Perkins and Weeks*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

PATTANGALL, C. J. On exceptions. Suit on promissory note. Defense general issue and brief statement setting up bankruptcy and discharge in bankruptcy. The facts are not in dispute.

Real estate was attached and the attachment regularly recorded on March 8, 1929. Defendant Alfred Dulac filed a voluntary petition in bankruptcy on May 8, 1929, and received his discharge on November 15, 1929. Plaintiff proved no claim in bankruptcy. Dulac's petition disclosed no assets and no trustee was appointed.

The record shows that the note was offered in evidence and no defense presented, other than the fact of bankruptcy and discharge therein.

Plaintiff offered to show that on March 9, 1929, Dulac conveyed certain real estate, then under attachment in this suit, to one Rosenthal. This evidence was excluded and exceptions reserved. At the close of the evidence, the substance of which has been stated, the court dismissed the action so far as Dulac was concerned, to which ruling plaintiff excepted.

The ruling of the presiding Justice appears to have been predicated upon two assumptions: (1) That the attachment, having been made within four months prior to the filing of the petition in bankruptcy, was dissolved by the adjudication; and (2) that

Dulac, having been discharged in bankruptcy, was relieved from liability on the note. The latter was, of course, correct.

The former is subject to certain qualifications. As against a trustee in bankruptcy, a lien created by an attachment upon mesne process which was begun within four months before the filing of the petition is dissolved by the adjudication, provided that it is shown that the bankrupt was insolvent at the time the attachment was made, *Liberty National Bank* v. *Bear Tr.*, 265 U. S., 365 ; *Taubel-Scott-Kitzmiller Company, Inc.* v. *Fox et al, Trustees*, 264 U. S., 426, and provided that the trustee does not receive permission from the court to become subrogated to the rights of the attaching creditor, for the benefit of the estate, as provided in the Bankruptcy Act.

In the instant case, however, the trustee of Dulac is not a party. In fact, no trustee had then or has since been appointed. The provision of law relating to the dissolution of the lien created by the attachment was invoked by the bankrupt for his own benefit and that of his grantee. The effect of the dismissal of the suit was to relieve the property which Dulac sold on March 9 from the lien created by plaintiff's attachment on March 8.

Such a lien is void only at the instance of a trustee in bankruptcy and then only if the bankrupt was insolvent at the time of the attachment. If a trustee abandons property as valueless to the estate, it reverts to, or remains in, the bankrupt, subject to the lien. *Kobrin et al* v. *Drazin* (N. J. Eq.), 128 Atl., 796.

Appointment of a trustee is necessary to divest a bankrupt of title to his property and while the title of the trustee would relate back to the commencement of the proceeding, the title of the bankrupt never passes out of him if there is no trustee. Liens on a bankrupt's property are not vacated for his benefit and bankruptcy proceedings do not divest a lien created by attachment where the bankrupt's property never passed to a trustee. *Miller* v. *Barto et al* (Ill.), 93 N. E., 140.

"The provision of the Bankruptcy Act that liens obtained within four months prior to the filing of a petition shall be void and property shall be released therefrom was enacted solely for the benefit of creditors and does not affect a lien created by attachment as

against the bankrupt himself." *Rochester Lumber Co. v. Locke,* 72 N. H., 22.

"The effect of the Act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him." *Bank* v. *Eagle Sugar Refinery,* 109 Mass., 38; *Frazee* v. *Nelson,* 179 Mass., 460.

This statutory dissolution of liens is for the benefit of creditors, not for the benefit of the bankrupt, and as to him all such liens remain in force notwithstanding his adjudication in bankruptcy, both with reference to property which the trustee disclaims and property which never comes into his possession.

"Motion to quash writ of execution running against the property of the judgment debtor was properly overruled although defendant was adjudicated bankrupt within four months after rendition of judgment where no trustee was ever appointed in the bankruptcy proceedings, as liens are voided only as against a trustee in bankruptcy and those claiming under him." *Smith* v. *First National Bank* (Colo.), 227 Pac., 826.

Under the circumstances of this case, the attaching creditor was in exactly the same position as though his attachment had been made more than four months prior to the filing of Dulac's petition. No trustee having been appointed, title to the property remained in Dulac or his grantee, subject to the lien created by plaintiff's attachment. Dulac was released from personal liability and no judgment could be entered against him, but plaintiff might properly have judgment and execution against the property attached. *Coal Co.* v. *Goodwin,* 95 Me., 249.

The court below erred in dismissing the action.

*Exceptions sustained.*