Argued February 18; reversed March 3, 1931

DUKE *v.* LOW, Sheriff, et al.
(296 P. 45)

*Jay H. Upton*, of Bend, and *Arthur W. Schaupp*, of Klamath Falls, for appellants.

*Harold C. Merryman*, of Klamath Falls, and *Will H. Masters*, of Portland, for respondent.

KELLY, J. Three alleged errors are assigned in defendants' brief by reason of which a reversal of the decree of the circuit court is sought.

■ It is urged that the circuit court erred in directing the clerk to satisfy the judgment in suit.

■ That the circuit court erred in sustaining the demurrer to defendants' answer.

■ That the circuit court erred in enjoining the sale upon execution of plaintiff's real property.

■ We are of the opinion that the first assignment of error is not before us.

The statute prescribes that any person discharged from his debts, pursuant to the bankruptcy act, may file in any court or tribunal, in which a judgment shall have been rendered, or transcript thereof filed against him, a motion in the suit, action or proceeding for the discharge thereof from the record: § 2-1801, Oregon Code 1930 (Or. L., § 212-2). This requires the motion to be filed in the suit, action or proceeding wherein the judgment shall have been rendered.

In order that cognizance may be taken in the instant case of any of the proceedings in the action wherein the intervening defendant, herein Leone J. Barron, is plaintiff and George Duke, plaintiff herein, are defendants, such proceedings must be pleaded by appropriate allegations. There are no such allegations either in the complaint or the answer.

■ In disposing of the second assignment of error, we must determine when the judgment lien of defendant, Barron, attached to plaintiff's real property, by virtue of the docketing of the transcript of judgment in suit. It is obvious that there can be no lien until there is subject-matter to which such lien may attach. Under the allegations of the answer then the judgment lien in suit first became such as to plaintiff's property when plaintiff first became the owner thereof which was on November 20, 1926. The answer alleges that plaintiff filed his petition in bankruptcy and was adjudged a bankrupt by the bankruptcy court on February 24, 1927, which is less than four months from the beginning of the judgment lien in suit.

■ It appearing from the answer that defendant, Leone J. Barron, has a judgment lien, which first became such less than four months prior to the filing of plaintiff's petition in bankruptcy, we must determine whether the answer alleges such a state of facts as to disclose that such lien has not been affected by the bankruptcy proceedings.

It is alleged that the real property in suit was never delivered to the trustee in bankruptcy, nor was it sold to satisfy the creditors of said bankrupt, and in said proceedings in bankruptcy no trustee was ever appointed.

Of the cases cited by defendants four of them are cases wherein the liens in question were obtained more than four months prior to the filing of the petition in bankruptcy. These four cases are: *Mitchell v. Ada Investment Co.,* 42 Idaho 421 (246 P. 10); *Hillyer v. LeRoy,* 179 N. Y. 369 (72 N. E. 237, 103 Am. St. Rep. 919); *In re Pilcher & Son,* 228 Fed. 139; *Broach v. Mullis,* 228 Fed. 551.

*Johnson v. Turnholt,* 199 Iowa 1331 (203 N. W. 715), deals with the rights of the holder of a chattel mortgage covering both exempt and nonexempt property and involves a consideration of a waiver of exemption rights by express contract.

*Gregory Co. v. Cale,* 115 Minn. 508 (133 N. W. 75, 37 L. R. A. (N. S.) 156), is one wherein the homestead exemption invoked in the proceedings in bankruptcy had been enlarged after the debt forming the basis of the lien was incurred.

*Smith v. First Nat. Bank of Sterling,* 76 Colo. 34 (227 P. 826), follows the doctrine of such cases as *Miller v. Barto,* 247 Ill. 104 (93 N. E. 140), to the effect that the right to invoke the provisions of section 67f of

the Bankruptcy Act (11 U. S. C. A., §107f) is not available to the bankrupt for the reason that such provisions are solely for the benefit of the creditors.

The six cases cited by the defendants and first mentioned are not in point. The case at bar is not one wherein the lien was procured more than four months prior to the filing of the petition in bankruptcy nor is there anything indicating an express or any waiver of exemption by plaintiff. It is admitted that the judgment is based upon tort and not upon contract.

As to the doctrine of *Smith v. First Nat. Bank of Sterling,* supra, the Supreme Court of the United States has declared a contrary doctrine: *Chicago, Burlington & Quincy Railroad Co. v. Hall,* 229 U. S. 511 (33 S. Ct. 885, 57 L. Ed. 1306). We quote from the case last cited:

"On this question there is a difference of opinion, some state and Federal courts holding that the Bankruptcy Act was intended to protect the creditors' trust fund and not the bankrupt's own property and that, therefore, liens against the exempt property were not annulled even though obtained by legal proceedings within four months of filing the petition: *In re Driggs,* 171 Fed. Rep. 897; *In re Durham,* 104 Fed. Rep. 231. On the other hand, *In re Tune,* 115 Fed. Rep. 906, and *In re Forbes,* 186 Fed. 79, hold that section 67f annuls all such liens, both as against the property which the trustee takes and that which may be set aside to the bankrupt as exempt.

"This view, we think, is supported both by the language of the section and the general policy of the act which was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt.   *   *   *

"Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four-month period in which a creditor cannot obtain an

advantage over other creditors nor a lien against the debtor's property. 'All liens obtained by legal proceedings' within that period are declared to be null and void. That universal language is not restricted by the later provision that 'the property affected by the * * * lien shall be released from the same and pass to the Trustee as a part of the estate of the bankrupt.' It is true that title to exempt property does not vest in the trustee and cannot be administered by him for the benefit of the creditors. But it can 'pass to the Trustee as a part of the estate of the bankrupt' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify and appraise what is claimed to be exempt."

An examination of the opinion of the Supreme Court of Nebraska, whose judgment was affirmed by the Supreme Court of the United States in the case from which the foregoing quotation is taken, discloses that in that case no trustee in bankruptcy was elected, but the property in controversy was set off to the bankrupt as exempt by the referee in bankruptcy. It also discloses that it was admitted by the parties that the bankrupt "was at all of said times insolvent": *Hall v. Chicago B. & Q. R. Co.,* 88 Neb. 20 (128 N. W. 645).

The answer contains nothing which affords a basis for supporting the judgment lien of intervening defendant, Barron, or justifying the levy and proposed sale of plaintiff's property pursuant to the execution issued upon said judgment. The court did not err in sustaining plaintiff's demurrer to said answer.

■ We have now to determine whether the circuit court erred in granting the relief prayed for in plaintiff's complaint. This is to be determined by testing the sufficiency of the complaint.

The complaint alleged an order of discharge in bankruptcy. Section 17 of the Bankruptcy Act (11 U. S.

C. A., § 35) provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts with certain enumerated exceptions, which exceptions are negatived in the complaint.

The complaint, however, is silent upon the existence or nonexistence of a lien upon the real property by reason of the judgment in suit, except that it alleges that a levy has been made in accordance with an execution issued thereon.

Section 67f of the bankruptcy act provides that all levies, judgments, attachments or other liens obtained through legal proceedings against a person, who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, etc.

There is no allegation in the complaint that plaintiff was adjudged a bankrupt, nor when the judgment lien in suit first accrued, nor that plaintiff was insolvent at the inception of such lien.

It is true that the answer alleged that plaintiff was adjudged a bankrupt and also alleged facts disclosing when the lien in suit first accrued; but there is no allegation in the answer that at the inception of the judgment lien plaintiff was insolvent.

Plaintiff's insistence upon his demurrer to defendants' answer, and the action of the court in sustaining such demurrer may have had the effect of eliminating such answer as a pleading herein and thereby depriving the court of the use thereof as an aider to the complaint; but, waiving that, still one essential is not pleaded, namely, plaintiff's insolvency when the judgment lien first accrued.

■■ By the great weight of authority, liens, through legal proceedings, are not dissolved by bankruptcy, unless the lienees are insolvent at the time they were perfected; and the burden is on the person, who claims a lien is void, to plead and prove the insolvency of the person against whom it was obtained at the time it was secured: *Liberty Nat. Bank v. Bear,* 265 U. S. 365 (44 S. Ct. 499, 68 L. Ed. 1057) ; 2 Collier on Bankruptcy (13th Ed.) 1584, section 67e, and cases cited in notes 393 and 395.

Even when aided by the answer, the complaint does not support the decree entered, hence, this case is reversed and remanded.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.