YARYAN NAVAL STORES CO. v. B. BORCHARDT CO. et al.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1914. Rehearing Denied December 4, 1914.)

No. 2669.

1. CREDITORS' SUIT (§ 47*)—MOTION TO DISMISS—ESTOPPEL.

A creditors' suit will not be dismissed, on the ground that complainant had an adequate remedy at law, after defendant has answered, admitting the indebtedness and equities of the bill, and consented to the appointment of receivers, who have incurred obligations and large expenditures.

[Ed. Note.—For other cases, see Creditors' Suit, Dec. Dig. § 47.*]

2. BANKRUPTCY (§ 20*)—CONFLICTING JURISDICTION OF COURTS.

A creditors' suit, looking to the liquidation of the affairs of a corporation, instituted more than six months prior to a voluntary bankruptcy proceeding by the corporation, is not necessarily affected by such proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

Appeal from the District Court of the United States for the Southern District of Georgia; Wm. B. Sheppard, Judge.

Creditors' suit in equity against the Yaryan Naval Stores Company. From the decree obtained by the B. Borchardt Company and James S. Brailey, Jr., receivers, defendant appeals. Affirmed.

See, also, 206 Fed. 366.

Bolling Whitfield, of Brunswick, Ga., for appellant.

Max Isaac, Joseph W. Bennet, F. E. Twitty, and Millard Reese, all of Brunswick, Ga., and A. H. Heyward, of Macon, Ga., for appellees.

Before PARDEE, Circuit Judge, and GRUBB and CALL, District Judges.

PER CURIAM. [1] Where months after a creditors' bill has been filed, and the defendant has appeared and filed an answer admitting the indebtedness to the complainant and all the equities set up in the bill, and consented to the appointment of receivers, and where under orders of court receivers have entered upon the administration of the property of the defendant, incurring obligations and large expenditures, it is too late to urge that, inasmuch as the complainant's claim has not been reduced to judgment, the suit should be dismissed because the complainant had an adequate remedy at law. See Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 380, 381, 14 Sup. Ct. 127, 37 L. Ed. 1113; Brown v. Lake Superior Iron Co., 134 U. S. 530, 10 Sup. Ct. 604, 33 L. Ed. 1021; Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934. And see Fed. Rep. Dig. vol. 7, Eq. § 53.

[2] Inasmuch as the equity proceedings looking to the liquidation of the affairs of the Yaryan Naval Stores Company were instituted more than six months prior to the alleged voluntary bankruptcy proceedings, wherein it is claimed the Yaryan Naval Stores Company was adjudicated a bankrupt, the proceedings in the District Court in this-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case were not necessarily affected. See Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; Metcalfe v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; In re Heckman, 140 Fed. 859, 72 C. C. A. 8 (C. C. A. 9); Sample v. Beasley, 158 Fed. 607, 85 C. C. A. 429 (C. C. A. 5).

On the record we find no reversible error in the proceedings of the lower court. The decree appealed from appears to have been regularly rendered in due course of proceedings, and the same is affirmed.