# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

---

### BLAIR v. BRAILEY et al.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1915. Rehearing Denied April 5, 1915.)

#### No. 2720.

1. BANKRUPTCY ⊂⊃194—PROPERTY IN POSSESSION OF RECEIVERS—"LEVY"— EFFECT OF SUBSEQUENT ADJUDICATION.

Taking possession of the property of a corporation by a court through its receivers in a creditors' suit constitutes a "levy," within the meaning of Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (Comp. St. 1913, § 9651), and is rendered void by said section in case the defendant is adjudged bankrupt within four months, but not otherwise; and where receivers were so appointed more than six months prior to the institution of bankruptcy proceedings against the corporation in another district, the jurisdiction of the court over the property is not affected by such proceedings, and it may refuse to surrender the same to the trustee appointed therein, and apply it to the payment of the claims of the complainants or other creditors proved in the suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 287, 289; Dec. Dig. ⊂⊃194.

For other definitions, see Words and Phrases, First and Second Series, Levy.]

2. BANKRUPTCY ⊂⊃211—PROPERTY IN POSSESSION OF RECEIVERS—SURRENDER OF JURISDICTION.

In such case the fact that the court authorized the receivers to appear in the bankruptcy court and oppose the adjudication did not operate as a surrender of its jurisdiction to the court of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. ⊂⊃211.]

Petition to Superintend and Revise Order of, and Appeal from, the District Court of the United States for the Southern District of Georgia; Wm. B. Sheppard, Judge.

Suit in equity by the B. Borchardt Company against the Yaryan Naval Stores Company. James C. Blair, trustee in bankruptcy of defendant company, petitions to revise, and appeals from, an order deny-

ing his petition for possession of property in the hands of James S. Brailey, Jr., and others, receivers. Affirmed.

Alex C. King and Jack J. Spalding, both of Atlanta, Ga., and George D. Welles, of Toledo, Ohio (Brown, Geddes, Schmettau & Williams and Tracy, Chapman & Welles, all of Toledo, Ohio, on the brief), for ·petitioner and appellant.

Joseph W. Bennet, F. E. Twitty, Millard Reese, and Max Isaac, all of Brunswick, Ga., and A. H. Heyward, of Macon, Ga., for respondents and appellees.

Before PARDEE, and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. More than six months before the filing in the United States District Court for the Northern District of Ohio, Western Division (hereinafter referred to as the Ohio court), of the involuntary petition in bankruptcy against the Yaryan Naval Stores Company, the B. Borchardt Company filed in the District Court for the Southern District of Georgia (which will be referred to as the Georgia court) its bill of complaint against the same company. One of the purposes of that bill, which was filed in behalf of the plaintiff therein and of all other creditors who might intervene in the suit or make proof of their claims—many, if' not all, of whom did so—was to have the property of the defendant therein taken possession of and sold under the orders of the court, and the proceeds of the sales applied in the payment of the debts alleged to be owing to the plaintiff and other creditors of the defendant. Receivers were appointed under that bill, who, pursuant to orders of the court, and more than six months before the institution of the bankruptcy proceedings, took possession of the property of the defendant and thereafter continued to administer it under the orders of the court, and proceedings looking to the sale of the property for the payment of debts under decrees already entered were in progress in that suit when the petition in bankruptcy was filed. The trustee appointed by the Ohio court filed in the Georgia court a petition which, after stating proceedings had in the court which appointed him, prayed that full force and effect be given to certain mentioned decrees in reference to the property of the bankrupt and the possession of it which had been made by that court; that he, as such trustee in bankruptcy, be recognized as entitled to the possession of all the property and assets of the bankrupt as of the date of the filing of the petition in bankruptcy; that the receivers appointed by the Georgia court be decreed to turn over and surrender to him the possession of all said property, and be enjoined and restrained from refusing to do so, or from interfering with petitioner with reference to the possession of said property,ᵉ or from further acting in respect to that property, or any of it, and for all other and further relief that the case may warrant. The matter now presented for review is the action of the Georgia court, evidenced by its decree, denying the relief prayed by the trustee in bankruptcy and dismissing his petition.

By the ruling made in Yaryan Naval Stores Co. v. B. Borchardt Co. ct al., 217 Fed. 758, 133 C. C. A. 488, this court recognized the bill

filed in this case to be a general creditors' bill, and decided that it was not, on the ground that the plaintiff's claim had not been reduced to judgment, subject to be dismissed at the instance of the defendant, who had appeared, filed an answer admitting the indebtedness to the plaintiff and all equities set up in the bill, and consented to the appointment of receivers, and made no objection to the court's assumption and exercise of jurisdiction under the bill, until months after the bill was filed, and after, under orders of court, receivers had entered upon the administration of the property of the defendant and had incurred obligations and large expenditures. An intimation pertinent to the question raised by the pending appeal is found in the statement, made in the opinion rendered in the case just referred to, that:

"Inasmuch as the equity proceedings looking to the liquidation of the affairs of the Yaryan Naval Stores Company were instituted more than six months prior to the alleged voluntary bankruptcy proceedings, wherein it is claimed the Yaryan Naval Stores Company was adjudicated a bankrupt, the proceedings in the District Court in this case were not necessarily affected."

The authorities cited in connection with the quoted statement make it manifest that the court had in mind the fact that the provisions of the Bankruptcy Act for the avoidance of judicial liens or levies have reference to such only as may have been created, obtained, or made within four months before the filing of the petition in bankruptcy. Bankruptcy Act, § 67.

[1] The Bankruptcy Act does not render inapplicable to a question raised as to what court is entitled to administer property of a bankrupt the rule that the court which first obtains rightful jurisdiction over a subject-matter is not to be interfered with by any other court, but only modifies that rule by making it inapplicable in certain instances where a court, other than the one in which a bankruptcy proceeding is instituted first assumed jurisdiction within a specified time before the institution of the bankruptcy proceedings. The general rule prevails to prevent any interference even by a court of bankruptcy with another court's control over property which rightfully has been subjected to its jurisdiction, if that jurisdiction attached more than four months before the petition in bankruptcy was filed. Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. It is not "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent," which, under the provisions of section 67 of the Bankruptcy Act, are to be deemed null and void, but only such levies, judgments, etc., so obtained "at any time within four months prior to the filing of a petition in bankruptcy." Where a valid judicial lien or levy has been secured or made four months or more prior to the bankruptcy, proceedings to enforce the same may be prosecuted to the end. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; In re Koslowski (D. C.) 153 Fed. 823.

The Georgia court, by its appointment of the receivers and having them take possession of the property of the defendant in the suit, acquired the custody and control of that property for the purposes sought to be accomplished by the suit. Those proceedings effected a seizure of the property preliminary to making out of it the money required to satisfy the demands of the plaintiff and of other creditors who might

intervene in the suit or prove their claims therein. What was done amounted to an equitable attachment of the property. From the date such seizure was effected the property was held under the process of the court, an end which the court's proceedings had in view being the application of the proceeds of the sale of that property to the satisfaction of the demands asserted by the bill or under it. There was a "levy" within the meaning of that term as it is used in section 67f of the Bankruptcy Act. In re Tyler, 149 U. S. 164, 183, 13 Sup. Ct. 785, 37 L. Ed. 689; Central Railroad v. Pettus, 113 U. S. 116, 124, 5 Sup. Ct. 387, 28 L. Ed. 915; Horn v. Pere Marquette R. Co. (C. C.) 151 Fed. 626; Frazier v. Southern Loan & Trust Co., 99 Fed. 707, 713, 40 C. C. A. 76; 25 Cyc. 206. And that levy having been made more than four months prior to the filing of the petition in bankruptcy, it was not avoided by the adjudication of bankruptcy made in pursuance of the petition. Metcalf v. Barker, supra.

When a court having jurisdiction of the parties and the subject-matter has taken property into its possession, such property is thereby withdrawn from the jurisdiction of all other courts, and the court so in possession has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property, though that court is not one of bankruptcy, and though the property so in its possession is part of the estate of one who was adjudged a bankrupt on a petition filed in a court of bankruptcy after the first-mentioned court's possession was acquired. Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Wabash Railroad v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 284. It follows that the questions as to the possession of property which were presented by the petition filed in the Georgia court by the trustee in bankruptcy were for the determination of that court alone, unless in some way it had surrendered its right to decide those questions and remitted the decision of them to some other tribunal. Plainly the receivers, having the property in charge as mere agents of the court which appointed them, unless such power was conferred upon them by that court, were without power to do anything having the effect of ousting that court's jurisdiction over the property intrusted to their custody or of subjecting that property to the power or jurisdiction of another court. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157.

[2] We do not think that there is any merit in the suggestion which has been made in the argument of the counsel for the appellant that the order by which the receivers were directed to seek the leave of the Ohio court to be made parties to the proceedings instituted in that court and to be permitted to resist the petition for the adjudication of bankruptcy therein sought is to be given the effect of a consent by the Georgia court that the Ohio court might determine any question as to the former court's right to the control of the property of which it had possession. That order authorized the receivers to resist the asserted right to an adjudication which the bankruptcy court had unquestioned jurisdiction to make, but did not purport to make any addition to the jurisdiction of that court, or to surrender any power

which the court making the order had with reference to property which was subject to its exclusive control. In the order of the Ohio court which granted leave to the receivers to intervene in the bankruptcy proceeding there is nothing to suggest that it was understood that that intervention had any other purpose than a resistance of the adjudication of bankruptcy which was sought. And on the appeal from the adjudication which was unsuccessfully resisted it was recognized that that adjudication did not involve the question of the right to the possession of property which was in the custody of the Georgia court. This is shown by the following statement found in the opinion then rendered:

"The present appeal does not involve nor require the determination of any conflicting claims concerning the right to the immediate possession of any portion of the property of the bankrupt, and no such question is decided." In re Yaryan Naval Stores Co., 214 Fed. 563, 131 C. C. A. 15.

The conclusion is that the court below, in passing on the application of the trustee in bankruptcy to be put in possession of the property of which the court had the custody through its receivers, was not bound or concluded by anything which had been done by any other court.

But it is insisted that, though the correctness of the proposition just stated is admitted, yet the decree appealed from was erroneous, in that it denied the paramount right of the trustee in bankruptcy to the possession of property belonging to the estate of the bankrupt and evidenced the court's failure to recognize that its right as a court of equity to continue the administration of the property the possession of which it had acquired was terminated by the adjudication of bankruptcy. This contention attributes to that adjudication a greater effect than the law requires to be given to it. Two of the prime aims of the Bankruptcy Act are to make provision for the application to the satisfaction of an insolvent's debts of so much of his property as is subject to be so applied, and to afford him the opportunity, conditioned upon his compliance with the requirements of the act, of securing a discharge from the liabilities which his debts imposed. Congress took notice of the fact that courts without bankruptcy jurisdiction may be, and constantly are, resorted to for the enforcement of the demands of creditors, and specified the extent to which what may have been done to that end in such other courts should be avoided by an adjudication of bankruptcy.

So far as the first above mentioned object of the Bankruptcy Act is concerned, the jurisdiction of the court of bankruptcy is not made so paramount that an adjudication of bankruptcy terminates the right of another court to continue to administer property which, four months or more before the filing of the petition in bankruptcy, had been brought within its grasp under its process for the satisfaction of demands duly asserted against the party subsequently adjudged bankrupt. As has been shown above, the act withholds from the court of bankruptcy the right to draw to itself the administration of property of the bankrupt which is so situated. We are referred to the ruling made in the case of Bank of Andrews v. Gudger, 212 Fed. 49, 128 C. C. A. 505, as supporting a conclusion at variance with the one just

stated. It was held in that case that the right of the court of bankruptcy to the custody and administration of property of the bankrupt was superior to that of another court which had acquired possession of the property by proceedings to which no creditor of the bankrupt was a party, the rights in the property of all who were parties to the suit being plainly subordinate to those of the bankrupt's creditors. In the course of the opinion rendered in that case it was said:

"Such a case is entirely apart from those cases in which a creditor has gone into the state court and established or acquired by his suit a legal or equitable lien on the property in the hands of the court four months before the filing of the petition in bankruptcy. In such cases the courts have held that the creditor is entitled to enforce his lien in the first court that acquired jurisdiction." Bank of Andrews v. Gudger, supra, 212 Fed. 54, 128 C. C. A. 510.

This statement sufficiently shows the inapplicability of the ruling made in that case to such a case as the one at bar. Rulings such as those made in the case of Carling v. Seymour Lumber Co., 113 Fed. 483, 51 C. C. A. 1, and in other cases which have been referred to, are equally inapplicable to the facts of the instant case, because what was dealt with in those cases by the rulings therein to which we are referred was the duty of a court other than the court of bankruptcy to surrender to the latter the possession of property held under process which issued within four months prior to the filing of the petition in bankruptcy, while the claim asserted in the case now under consideration is that a court should surrender its possession of property acquired under process for the enforcement of debts owing by the bankrupt and so long prior to the institution of the bankruptcy proceedings that its right to administer that property was not affected by the adjudication of bankruptcy.

The conclusion is that there was no error in the decree appealed from in so far as it evidenced the court's refusal to surrender the property in question to the trustee in bankruptcy. The petition of the trustee did not suggest that the value of that property was such that a surplus would or might be left after the satisfaction of the debts and expenses of administration to the payment of which the proceeds of the sales which had been ordered were to be applied. But the possibility of such a surplus being left, which would be subject to be administered by the court of bankruptcy, suggests the propriety of so modifying the decree rendered as to make it without prejudice to the right of the trustee in bankruptcy to apply to the court in the future for the surrender, for administration in the bankruptcy proceedings, of any property of the bankrupt in its possession which may not be subject to be applied to demands enforced, or to be enforced, in the suit.

The decree will be so modified, and, as thus modified, is affirmed.