## NEELY v. McGEHEE et al.

### In re L. D. MURRELLE LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. December 9, 1924.)

### No. 4345.

**1. Receivers ⬡12—County chancery court of Mississippi may, without judgment at law or nulla bona return, subject nonresident's property to demands of creditors.**

Independently of statute, county chancery court of Mississippi, under its general equity powers, may, without judgment at law and nulla bona return, subject nonresident's property in Mississippi to demands of creditors.

**2. Receivers ⬡59—Action of state court having jurisdiction in having nonresident's property seized not subject to collateral attack, except for fraud.**

Where jurisdiction of state court attached, its action in having nonresident debtor's property seized and held by its receiver cannot be collaterally attacked, even if erroneous, except for fraud.

**3. Bankruptcy ⬡20(2)—State court's jurisdiction over property in possession of its receiver not affected by adjudication under petition filed more than four months after receiver acquired possession.**

Jurisdiction of state court over property of nonresident debtor in possession of its receiver was not affected by bankruptcy adjudication under petition filed more than four months after receiver acquired possession.

**4. Bankruptcy ⬡440—Order dismissing petition to require receiver appointed by state court to turn over property to bankruptcy trustee reviewable by petition to superintend and revise.**

Order denying bankruptcy trustee's petition for summary order requiring receiver, appointed by state court, to turn over bankrupt's property to him was properly presented for review by petition to superintend and revise.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

In the matter of the L. D. Murrelle Lumber Company, bankrupt. Petition for summary order requiring D. R. McGehee, receiver, and others, to deliver certain property, was dismissed, and S. M. Neely, trustee in bankruptcy, appeals and petitions for superintendence and revision. Appeal dismissed, and petition to superintend and revise denied.

J. Morgan Stevens, of Jackson, Miss. (J. Morgan Stevens, of Jackson, Miss., Holmes & Canale, of Memphis, Tenn., and Wells, Stevens & Jones, of Jackson, Miss., on the brief), for petitioner and appellant.

Luther A. Whittington, of Natchez, Miss., for respondents and appellees.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

WALKER, Circuit Judge. By appeal and by petition to superintend and revise the trustee in bankruptcy of a Tennessee corporation, which was adjudged bankrupt under a petition filed on December 15, 1923, complains of an order dismissing a petition, which prayed for a summary order requiring a receiver appointed on May 21, 1923, in a suit brought against such corporation in the chancery court of Franklin county, Miss., to turn over and deliver to such trustee in bankruptcy property in Missis-

sippi, which went into the possession of such receiver upon his appointment and was in his possession as receiver when the dismissed petition was filed. The bill' in the suit in which the receiver was appointed showed that the complainant therein was a creditor of said corporation, and it prayed that a receiver of assets in Mississippi of the nonresident debtor be appointed to hold and conserve those assets until the rights of the creditors have been fully determined and adjudicated, and in the end distribute the same as the court may direct.

[1, 2] Whether the action of the Mississippi court in appointing the receiver and in having assets of the debtor held for disposition under its orders was or was not erroneous, that action was not void. Independently of statute, by virtue of its general equity powers, that court may, without a judgment at law and nulla bona return, subject to the demands of creditors the effects in Mississippi of a nonresident debtor. Dollman v. Moore, 70 Miss. 267, 12 So. 23, 19 L. R. A. 222. Jurisdiction of the state court having attached, its action in having the debtor's property seized and held by its receiver, when questioned collaterally, unless impeached for fraud, must be regarded as regular in all things and irreversible for error; it being of no avail that the court's action was erroneous, where what it did in taking possession and control of property was within the scope of its power or jurisdiction. Manson v. Duncanson, 166 U. S. 533, 17 S. Ct. 647, 41 L. Ed. 1105; Cornett v. Williams, 20 Wall. 226, 22 L. Ed. 254.

[3] The state court's jurisdiction over the property held under its orders by its receiver was not affected by the bankruptcy adjudication under a petition filed more than four months after that court, through its receiver, acquired possession of the property in question. The bankruptcy court was without right to draw to itself the possession and administration of property of the bankrupt of which the state court acquired possession and control as above stated more than four months prior to the filing of the bankruptcy petition. Blair v. Brailey, 221 F. 1, 136 C. C. A. 524; Empire Trust Co. v. Brooks, 232 F. 641, 146 C. C. A. 567. It follows that the court did not err in making the ruling complained of.

[4] We think that that ruling is properly presented for review by the petition to superintend and revise. The appeal is dismissed. The petition to superintend and revise is denied.