## MILLER v. POTTS.

### In re VIRGINIA BANNER COAL CORPORATION.

Circuit Court of Appeals, Sixth Circuit. June 18, 1928.

No. 5127.

1. **Bankruptcy** ⊂⟹20(2)—**State court's denial of bankruptcy trustee's application for surrender of property by state court's receiver held not res judicata on bankruptcy court.**

That bankruptcy trustee appeared in state court and asked for and was denied a surrender of property in possession of receiver appointed by state court *held* not binding on federal bankruptcy court as res judicata.

2. **Bankruptcy** ⊂⟹194—**Any lien acquired under state law by creditors filing supplemental bill within four-month period held void as against bankruptcy trustee (Bankr. Act. § 67f; 11 USCA § 107(f).**

Any lien acquired under state law by filing of supplemental bill in state court by bankrupt's creditors, who joined as complainants, within four months before bankruptcy, in bill filed by stockholder before four-month period, was void as against bankruptcy trustee, under Bankruptcy Act, § 67f (11 USCA § 107 (f).

**3. Bankruptcy &#8450;194—Supplementary creditors' bill, filed within four months of bankruptcy, and any lien created thereby under state law, cannot have retroactive effect.**

Supplemental bill, filed in state court within four months before bankruptcy by corporate bankrupt's creditors, joining as complainants with stockholder in bill filed before four-month period, and any lien created thereby under state law, cannot have any retroactive effect to give creditors a lien from date of original bill.

**4. Bankruptcy &#8450;288(2)—Stockholders' bill in state court, filed more than four months before bankruptcy, held not to defeat bankruptcy court's summary and paramount jurisdiction as against state court's receiver.**

Bill filed in state court more than four months before bankruptcy of corporation by stockholders, on behalf of themselves and other stockholders and creditors, alleging that corporation had more than sufficient assets to pay creditors, but not enough to pay stockholders in full, and praying for winding up of corporation, *held* not to defeat bankruptcy court's paramount and summary jurisdiction over bankrupt corporation's assets, as against receiver appointed by state court.

**5. Bankruptcy &#8450;288(6)—State court's receiver is not an "adverse claimant," so as to defeat bankruptcy court's summary jurisdiction.**

Receiver of corporation appointed by state court is not an "adverse claimant," even to extent of his fees, so as to defeat bankruptcy court's summary and paramount jurisdiction over bankrupt's assets.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Adverse Claimant.]

Appeal from the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

In the matter of the Virginia Banner Coal Corporation, bankrupt. From an order directing E. W. Potts, as ancillary receiver and trustee in bankruptcy, to petition to state court for share of assets held by receiver, and for dissolution of injunction theretofore issued, E. M. Miller, state court receiver, appeals. Affirmed.

George C. Sells, of Johnson City, Tenn. (Sells, Simmonds & Bowman, of Johnson City, Tenn., on the brief), for appellant.

Arthur F. Kingdon, of Bluefield, W. Va., and J. H. Winston, of Johnson City, Tenn. (Miller & Winston, of Johnson City, Tenn., on the brief), for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. Virginia Banner Coal Corporation, a Virginia corporation (hereinafter called Virginia Company), carried on business in Virginia and in Tennessee.

On January 1, 1926, it sold all of its properties to the Wakenva Coal Company, Inc., in consideration of the latter's debentures, preferred and common stock, and a small amount of cash. Pursuant to a plan for the payment of its creditors, it conveyed substantially all the assets so received, together with its accounts receivable and a right of action for several hundred thousand dollars then in suit against the Mathieson Alkali Works, to Security Investment Company, in trust for such of Virginia Company's creditors and stockholders as should participate in the trust agreement and subscribe for a share thereunder by payment of cash and/or claims against Virginia Company. The detailed provisions are immaterial for the purposes of this case.

On July 28, 1926, John W. Sanders and others, stockholders of the Virginia Company, filed a bill in the chancery court of Johnson City, Tenn., on behalf of themselves and the stockholders and creditors, against Virginia Company, the Security Investment Corporation, and others, alleging that Virginia Company had more than sufficient assets to pay its creditors, but not enough remaining to pay stockholders in full, and in that sense was insolvent. The prayer was that the transfer to Security Investment Corporation be declared fraudulent and void, that a receiver be appointed for Virginia Company's assets, that all of its creditors and stockholders be required to prosecute their claims in that proceeding, and, since the Virginia Company had ceased to be a going concern and its assets therefore had become a trust fund for the payment of debts, an account be stated of all claims to participate in a distribution of the assets. On this bill, the state court granted an injunction against dealing with the assets in any manner, except to preserve and deliver them under further orders of the court. A motion, made September 14, 1926, after answer filed, to sustain the bill as a general creditors' bill, was denied. The court authorized the Security Investment Corporation to pay any debts of Virginia Company from any moneys in its hand; upon the joint approval of complainants and defendants.

No further steps were taken in the litigation until May 3, 1927, when a supplemental bill was filed, in which two creditors not theretofore parties to the suit joined Sanders as complainants. They alleged certain proceedings instituted in Virginia by Security Investment Corporation and others, which had resulted in the appointment there of a receiver for Virginia Company. The Tennessee

court on May 14 permitted these creditors (one of whom had been a subscriber to the trust agreement and now charged that it was a fraud upon creditors) to join in the original and supplemental bill, sustained the bill as a general creditors' bill for the benefit of both creditors and stockholders, appointed the present appellant receiver of all of Virginia Company's properties, and enjoined the parties from prosecuting the Virginia suit.

On involuntary petition filed June 1, 1927, in Virginia against Virginia Banner Coal Corporation, it was adjudicated bankrupt June 18. On July 22, appellee, as trustee in bankruptcy, petitioned the Tennessee state court for an order directing appellant, as receiver, to turn over bankrupt's assets; appellant by cross-bill asked substantially similar relief against appellee. The Security Investment Corporation, a defendant, answered, on September 15 that it "does not resist the transfer of the assets in the hands of the receiver, to the petitioner E. W. Potts, trustee, and is willing to have its reasonable fees for service determined and fixed in the bankruptcy court."

On October 1, the state court, holding that it had acquired exclusive jurisdiction of bankrupt's entire property, including that transferred to the Security Investment Corporation, denied appellee's petition, ordered him to turn over assets and records to appellant, its receiver, and enjoined him from interfering with its administration of the assets.

Appellee, on his petition filed in the District Court in Tennessee, the court below, was appointed bankrupt's ancillary receiver. Thereupon, on October 29, 1927, he petitioned that court for an order on appellant to show cause why the latter should not be required summarily to surrender such assets and records of bankrupt as were in his possession and be enjoined from interfering with appellee in the prosecution of the suit against the Mathieson Alkali Works and in other matters. His claim of summary jurisdiction was based on lack of adverse claim in appellant, because of the latter's appointment as receiver within four months of the bankruptcy petition, and because "none of the parties to the suit pending in the chancery court are adverse claimants."

The Security Investment Company filed its statement that it "does not and never has claimed these assets adversely to the trustee in bankruptcy, nor has the Security Investment Company ever been an adverse claimant to said assets as against any creditor; * * * said company believes [it was]

the understanding of all parties to said agreement that the rights of nonsubscribing creditors against the assets were in no way affected by the execution of the trust agreement; * * * that the assets now in the hands of the receiver in the chancery court at Johnson City, * * * never came into the actual physical possession of the Security Investment Company until the 1st day of April, 1927, on which date said securities were delivered to this company by Wakenva Coal Company. * * * It [the Security Investment Company] is informed that the vast majority of the subscribing creditors, for which said company was trustee, have filed their claims as creditors in the bankruptcy court in the Western district of Virginia, thus abandoning said trust agreement. * * * No subscriber to this agreement has demanded or requested this company, as trustee, to assert any adverse claim to these assets against the trustee in bankruptcy."

The District Court on November 19, overruling appellant's contention against the summary jurisdiction of the bankruptcy court, decreed that the District Court had paramount jurisdiction, and directed appellee as ancillary receiver and trustee in bankruptcy to inform the state court of its views, and again to petition it for a surrender of the assets held by its receiver and a dissolution of the injunction theretofore issued, and vacation of its order. . Thereupon the trustee presented a second petition to the state court; this was granted. An appeal from the order entered therein is now pending in the Tennessee court, and by agreement of the parties is awaiting the disposition of the present appeal from the above-recited order of the District Court.

Appellant contends that the state court has exclusive jurisdiction to administer the property; that in any event the state court receiver is an adverse claimant, and as such cannot be proceeded against summarily, but at best only by a plenary suit. While no summary order directing surrender of possession has as yet been made, we shall nevertheless proceed to a consideration of both contentions, in view of the fact that the direction to apply again to the state court was based upon an assertion in the order of the paramount federal jurisdiction. .

[1, 2] Concededly, when properly invoked, the jurisdiction of the federal court in relation to bankruptcy matters is paramount and may be exclusive. It follows that the federal court cannot be, and in the instant case was not, bound by the original decision of the state court as res adjudicata, because the

trustee in bankruptcy, in deference to the state court, appeared therein, asked for, and was denied a surrender of the property. In re Diamond's Estate (C. C. A.) 259 F. 70. The supplemental bill filed within the four-month period—that is, in May, 1927—and the proceedings thereunder furnish no defense to summary jurisdiction because, unlike Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, bankrupt was concededly insolvent when the lien, if any, was thereby acquired by any or all creditors. Such a lien, even if acquired under Tennessee law by the filing of the bill, is void as against the trustee in bankruptcy under section 67f (11 USCA § 107[f]), and in the absence of a factual controversy as to insolvency, or some other matter, does not give rise to an adverse claim, either by the state court receiver or the creditors.

[3] The supplemental bill and the lien thereby created cannot have any retroactive effect, so as to give the creditors a lien as of the date of the original bill. Whatever the effect may be under Tennessee law, the provisions of the Bankruptcy Act are paramount; the lien, if any, was "obtained through legal proceedings * * * within four months prior to the filing of a petition in bankruptcy"; it is thereby nullified.

But appellant urges that under the original bill, filed ten months before the bankruptcy petition, a valid lien for all creditors was obtained, and the state court, which then took control of the property to effectuate that lien, cannot be ousted of jurisdiction, possession, or control. If the bill was such that a lien was thereby then acquired, the contention would be sound. Blair v. Brailey (C. C. A.) 221 F. 1. Cf. Graham Mfg. Co. v. Davy-Pocahontas Coal Co. (C. C. A.) 238 F. 488.

[4] If we assume that the Blair Case was to its full extent correctly decided, even then the decisive question before us would be whether the original bill filed by Sanders is to be deemed a creditors' bill, within the Blair Case, or a stockholder's bill, within Bank of Andrews v. Gudger (C. C. A.) 212 F. 49, in which it was held that the bankruptcy court has summary and paramount jurisdiction as against a receiver appointed by the state court on a bill by minority stockholders to wind up a corporation,

brought more than four months before the filing of the petition in bankruptcy.

In the original Sanders bill, impairment of capital alone is charged; that there were enough assets to pay creditors is expressly alleged. While winding up of the corporation, which was prayed for, would necessarily involve the payment of creditors before payment of stockholders, the entire framework of the bill shows this to have been merely incidental to the stockholders' relief. In no sense could that bill be deemed a creditors' bill, special or original; the denial of the complainant's motion, made six weeks after the bill was filed, to sustain it as a general creditors' bill, reinforces this interpretation.

True, the same court, in its decree of October 1, 1927, declared "that all of the assets of Virginia Banner Coal Corporation were impressed with a lien or trust upon the filing of the bill, and that the bill averred the insolvency of the Virginia Banner Coal Corporation and its ceasing to carry on business, so as to impress its assets with a lien or trust in favor of its creditors." If this is intended to interpret the bill as a creditors' bill, we cannot concur therein; if it means that, despite the fact that the bill is a stockholder's winding-up bill, and not a creditors' bill, nevertheless the creditors have thereby obtained a lien on the property, we cannot agree with the conclusion as a matter of general equity law, and no Tennessee case has been cited to us in support thereof. The misuse of the word "insolvency" to indicate merely impairment of capital may have led to what we must deem an erroneous conclusion.

[5] The argument based upon Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413, that the receiver is an adverse claimant at least to the extent of his fees, is sufficiently disposed of by In re Diamond's Estate (C. C. A.) 259 F. 70. It is not necessary to inquire whether Security Investment Company might have been deemed an adverse claimant as against the trustee, even after the state court appointed the new receiver. The company makes no claim against appellee's contentions; indeed, it acquiesces therein. Under the trust agreement it can bind the beneficiaries; moreover, none of them have objected to its acquiescence.

Order affirmed.