## In re KNOX CONSOL. COAL CO.

## STEMPFEL v. LOWISH.

### No. 7142.

District Court, S. D. Indiana, Indianapolis Division.

May 9, 1931.

Louis B. Ewbank and Samuel Dowden, both of Indianapolis, Ind., for petitioner.

Charles E. Cox and Robert A. Adams, both of Indianapolis, Ind., for respondent.

BALTZELL, District Judge.

On the 16th day of April, 1928, there was filed in the superior court of Marion county, room 2, at Indianapolis, Ind., a suit by Banus E. Neal against the Knox Consolidated Coal Company, which suit was filed by Neal as a stockholder in such coal company (which is hereinafter designated as the company) and as a holder of bonds issued by it. The relief prayed was that a receiver be appointed for the defendant and for its properties. Such proceedings were had in the state court that afterwards a finding,

in part, was entered, "that the defendant is not now insolvent, but that said defendant is in imminent danger of insolvency and that a receiver should be appointed for said defendant's properties." At that time the company had among its assets cash and accounts receivable in the aggregate sum of approximately $500,000. Its creditors consisted of various persons holding its first mortgage 7 per cent. bonds which had not matured. The order of the court in that proceeding provided, among other things, that Edwin B. Logsdon be appointed receiver, that he take possession of the company's properties and assets, and that he be authorized to carry on the business of the company until the further order of the court. Logsdon qualified as receiver, and conducted the affairs of the company, making reports to the court until the 14th day of March, 1931, at which time he was removed as such receiver, and Martin E. Lowish was appointed as his successor. No claims were filed in the proceeding in the state court by creditors, and no orders were made therein with reference to the filing of claims or the payment of any creditors.

There was oustanding and unpaid at the time of the appointment of the state court receiver a bond issue in the sum of $3,500,-000, and no principal or interest owing on such issue has been paid since the appointment of the state court receiver. On the 16th day of March, 1931, the company was in default in the payment of all interest accruing on such bonds subsequent to the 1st day of February, 1928, and was also in default in the payment of the principal of such bonds as had matured during the years 1929 and 1930. The Fletcher American National Bank of Indianapolis, Ind., was trustee under a deed of trust which secured the payment of the bonds, and as such trustee elected, under the powers conferred upon it by such deed of trust, to mature and make immediately payable the entire amount due under such bond issue and the interest owing thereon. Pursuant to such election, the trustee, under the deed of trust, on the 16th day of March, 1931, made a written demand upon the company for the payment of the entire principal. and interest then owing on such bond issue. The company was unable to pay the same, and therefore on such date defaulted in the payment thereof.

On the next succeeding day the company adopted a resolution setting forth that, since the appointment of the receiver in the state court, bonds and interest upon the first mortgage 7 per cent. bond issue in the amount of over a million dollars have become due and payable and are long since due and unpaid; that such company has not sufficient assets to pay such interest, and that it has not on hand sufficient cash to pay the interest and bonds long past due. A voluntary petition in bankruptcy, with schedules attached, pursuant to such resolution, was filed in this court on March 18, 1931, on which date such company was adjudicated a bankrupt. Subsequent thereto, a large number of such bondholders filed their claims with the referee in bankruptcy, which claims were allowed, as general, unsecured claims, in amounts constituting two-thirds of the face value thereof. The aggregate of the claims thus filed constitutes a preponderant majority in number and amount of the entire sum of the bonds issued and outstanding. On the 8th day of April, 1931, at a meeting of such creditors, Theodore Stempfel was elected trustee.

On the 11th day of April, 1931, the trustee in bankruptcy filed in this court a petition asking that the state court receiver be ordered to deliver to him, as such trustee, all the property and assets belonging to the bankrupt. The state court receiver was served with notice to deliver such property, and refused so to do. The answer filed in response to such petition admits that a request upon the superior court of Marion county, room 2, for an order directing its receiver to deliver such property, would be useless, because such court would refuse to enter such an order. A formal request upon the state court for such an order was waived by the receiver.

The question to be determined arises upon the petition of the trustee for an order requiring the state court receiver to deliver to him the property and assets of the bankrupt, and the answer thereto filed by the receiver. The property of the bankrupt had been in the possession of the state court receiver for more than four months prior to the adjudication in bankruptcy, and it is the contention of the receiver that under the law this court is without authority to order him to deliver such property to the trustee in bankruptcy.

After the adjudication in bankruptcy, but prior to the hearing upon the petition of the trustee, one William Johnson, a stockholder, filed, by leave of court, an intervening petition in this cause seeking to have the adjudication set aside. Such petition alleged, among other things, that the adjudication

"was erroneous and should not have been made for the reason that the purpose and effect of such petition in voluntary bankruptcy was to perpetrate a fraud upon this court, the bankruptcy court, the Superior Court of Marion County, Indiana, Room 2, the judge thereof, and certain minority stockholders and bondholders."

A hearing upon the intervening petition failed to disclose any act or acts committed by the company which could be construed as fraudulent, and such petition was accordingly denied.

The voluntary petition in bankruptcy was filed by the company pursuant to a resolution adopted by the board of directors thereof, authorizing the same, and was in compliance with the provisions of the Bankruptcy Act. The mere fact that the stockholders were not consulted, or a vote thereof taken as to the advisability of filing such petition, does not in any manner invalidate the same or constitute a fraud. Neither does an effort on the part of the officers and directors of a company to substitute federal for state control constitute fraud. Struthers Furnace Co. v. Grant (6th C. C. A.) 30 F.(2d) 576; In re Dressler Producing Corp. (2d C. C. A.) 262 F. 257.

Prior to the hearing upon the petition of the trustee, the state court receiver filed a motion to dismiss such petition upon the ground that this court has no jurisdiction to order that the property and assets of the company be delivered to the trustee in bankruptcy. While other reasons are assigned in the motion to dismiss the petition, the principal ground relied upon is that the receiver holds possession of the property and assets of the company under appointment by the state court in an action therein pending more than four months prior to the adjudication in bankruptcy. After a hearing upon this motion, it was by the court overruled, the court holding that the proper determination of the question should be finally made upon a hearing of the facts in the case upon the issues joined by the petition of the trustee and the answer afterwards filed by the receiver.

A final hearing was had upon the petition, at which hearing a stipulation was entered into by and between the parties, setting forth the facts in detail; there being no dispute as to the facts.

In addition to the contention that the federal court has no authority to order the property and assets of the company delivered into the possession of the trustee in bankruptcy because such property and assets have been in the hands of the state court receiver for a period of more than four months prior to the adjudication in bankruptcy, the receiver also contends that the officers and directors of the company were estopped from the filing of a voluntary petition in bankruptcy because such officers and directors had co-operated with the plaintiff in the filing of the petition for receivership in the state court. This contention cannot be sustained. The petition in the state court was not filed by either an officer or a director of the company. Furthermore, at the time of the appointment of the state court receiver, the company was solvent, and the receiver was appointed for the sole purpose of conserving its assets. When the voluntary petition in bankruptcy was filed, the company was insolvent, and the creditors thereof have the right, under the Bankruptcy Law, to have the estate administered by the bankruptcy court. Struthers Furnace Co. v. Grant, supra; In re American & British Mfg. Corp. (D. C.) 300 F. 839; Union Electric Co. et al. v. Hubbard et al. (C. C. A. 4th) 242 F. 248.

There remains but one question to be determined, and that is whether or not the fact that the property has been in possession of the state court receiver for a period of more than four months prior to the filing of the voluntary petition and the adjudication in bankruptcy, entitles him to retain possession thereof as against the trustee in bankruptcy. In determining this question, it must be borne in mind that the suit in the state court is one brought by a stockholder and bondholder against the company, not by a creditor, and that such suit was brought for the purpose of conserving the assets of the company; that no claims of creditors were ever filed in the state court; that the state court receiver was not appointed because of the insolvency of the company; that no petition was ever filed in the state court proceeding seeking to dispose of the assets of the company, and no order was ever entered therein for that purpose. It must be further borne in mind that no act of bankruptcy was committed by the company until within the month of March, 1931, at which time it admitted its inability to pay its debts and filed its voluntary petition in bankruptcy.

The receiver has cited many cases in his brief supporting his contention that this court should deny the petition of the trus-

tee. A careful examination of these cases reveals the fact that each is a hostile proceeding begun in the state court by a creditor that is seeking to establish a lien upon the property and assets of the defendant. A marked distinction is to be noted where the proceeding in the state court is instituted by a stockholder or bondholder seeking the appointment of a receiver for the purpose of conserving the assets. The authorities are practically unanimous in holding that the federal court is without authority to order the property and assets of a bankrupt delivered into the possession of the trustee in bankruptcy where such property and assets are in the custody and control of a state court receiver appointed in a hostile proceeding more than four months prior to the adjudication in bankruptcy. A recent case which had its origin in this court and which was affirmed by the Seventh Circuit Court of Appeals is authority upon this subject. See Clements v. Conyers (7th C. C. A.) 32 F.(2d) 5. In that case the proceedings were begun in the state court by a creditor seeking to establish a lien upon the property of the defendant and asking that a receiver be appointed. The receiver operated the property for more than two years under the order of the court. Various creditors filed their claims with the state court receiver, some of which claims were allowed and paid. Some creditors had filed their claims in both the state and bankruptcy courts. The property had been ordered sold upon petition of the receiver by the state court at the time application was made to this court by the trustee in bankrupcy for an order enjoining the receiver from making a sale of the property and ordering him to deliver the same to the trustee. In that case the creditors had selected the court in which they desired the estate to be administered; the selection having been made more than four months prior to the adjudication of the defendant in bankruptcy. Under the law, they were bound by this selection, and this court was without authority to order the state court receiver to surrender possession of the property and assets held by him as such receiver. See, also, Neely v. McGehee (5th C. C. A.) 2 F.(2d) 853; Blair v. Brailey (5th C. C. A.) 221 F. 1.

The instant case presents an entirely different situation from that presented in the case of Clements v. Conyers, supra. The proceeding in the state court in the instant case was begun by a stockholder and bondholder, wherein the appointment of a receiver was sought for the conservation of the property of the company. No creditor appeared in such proceeding; no claims were filed. Under the Bankruptcy Act (11 USCA), creditors are given the right to have the estate of a bankrupt administered by a bankruptcy court if they so desire. In the instant case, they have so expressed their desire by the filing of their claims, the election of a trustee, etc. In a case where the facts were very similar to those presented in this case, the Fourth Circuit Court of Appeals, in a well-reasoned opinion, said: "The case then comes to this: Does the pendency of a suit in a state court instituted against a corporation by stockholders for the protection of their rights, and the possession of the corporate property by a receiver appointed in such suit, deprive creditors of the corporation of the superior right conferred on them by the federal statute to have the corporate assets brought into the federal court for administration under an adjudication in bankruptcy when they have duly asserted the right and had the corporation declared bankrupt as soon as it was known to be insolvent and had committed an act of bankruptcy? It seems clear that to this question there can be only a negative answer. An affirmative answer would mean that the stockholders of a corporation or the members of a partnership could at their will deprive creditors of the right conferred upon them by the federal statute to have the property of an insolvent debtor administered by the bankruptcy court." Bank of Andrews et al. v. Gudger (In re Cherokee Tanning Extract Co.) 212 F. 49, 54 (4th C. C. A.)

The creditors' having had no connection with the proceedings in the state court and having elected to have the estate of the company administered in the bankruptcy court, they are, under the law, entitled to have the property and assets delivered to the trustee elected by them for administration. Furthermore, the case in the state court, in which the receiver was appointed and is now acting, has been before the Supreme Court of the state of Indiana upon a petition for a writ of prohibition against the present judge. Such petition sought to prohibit him from recalling the case from the circuit court of Marion county, Ind., to which court it had been transferred by the judge of the superior court, room 2, in December, 1930, just prior to his vacating the bench as such judge, under an order made upon application of plaintiff for a change of venue from the judge. In refusing to grant the writ, the

Supreme Court determined the nature of the action pending in the state court in the following language: "The civil action between Banus E. Neal and the Knox Consolidated Coal Company had been tried and fully determined by the judgment appointing the receiver twenty months before Neal's affidavit for a change of venue was filed. · No other issue remained as to Neal upon which trial was to be had." State ex rel. Neal v. Superior Court of Marion County (Ind. Sup.) 174 N. E. 732, 734.

█ The receiver in the state court having acquired possession of the property in a suit filed by a stockholder and bondholder, in which suit no lien has been acquired, his right of possession and the jurisdiction of the state court so appointing him came to an end immediately upon the adjudication in bankruptcy. After such adjudication, the state court receiver had no further authority to retain custody of such property and assets, and the right of the trustee in bankruptcy to the possession of such property and assets is fully sustained. The title to all the property and assets is in the trustee, and he is entitled to immediate possession thereof. The state court receiver should immediately deliver all such property and assets into the possession of the trustee in bankruptcy.

An order will be entered in accordance herewith.