**PARK LANE DRESSES, Inc., et al. v. HOUGHTON & DUTTON CO. et al.**

No. 2636.

Circuit Court of Appeals, First Circuit.

Nov. 28, 1931.

William M. Silverman, of Boston, Mass. (Hermanson & Silverman, of Boston, Mass., on the brief), for appellants.

Richard C. Evarts, of Boston, Mass. (Lyne, Woodworth & Evarts, of Boston, Mass., on the brief), for receivers of Houghton & Dutton Co.

Robert Homans, of Boston, Mass., for trustees.

Frank W. Knowlton, of Boston, Mass., for Boston Pub. Co.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

This is an appeal from the order of the District Court dismissing an involuntary petition in bankruptcy. The proceedings below appear to have been somewhat summary, and, as a result, the record is unsatisfactory.

The petition was filed by three creditors of Houghton & Dutton Company, with claims totalling less than $2,000 on August 29, 1931, and alleged as acts of bankruptcy: (1) That the Houghton & Dutton Company, within four months of the filing of the petition in bankruptcy, to wit, in June, 1931, and while insolvent, transferred a portion of its assets to one of its creditors, Sperry & Hutchinson Company, with intent to prefer that creditor over its other creditors of the same class, the result of which transfer was to enable said creditor to obtain a greater percentage of its claim than other creditors of the same class; (2) that on the 15th day of June it permitted the above-named creditor to obtain a decree in the superior court of Suffolk county in the commonwealth of Massachusetts for the payment to said creditor of a substantial sum of money, whereby said creditor was enabled to obtain a greater percentage of its claim than other creditors of the same class; (3) that on the 21st day of August, 1931, while insolvent, the alleged bankrupt transferred a portion of its assets to said Sperry & Hutchinson Company, with intent to prefer said creditor over other creditors of the same class; (4) that on the 28th day of August, while insolvent, it permitted a decree to be entered in the equity court, the result of which will enable said Sperry & Hutchinson Company to obtain a preference over other creditors of the same class; (5) that on December 2, 1930, and continuously by one continuous act for four months next preceding the filing of the petition in bankruptcy, caused a large amount of assets to be removed, with intent to hinder and delay its creditors, in that it did on December 2, 1930, cause receivers to be appointed to take possession of all its assets in a proceeding instituted by one Plummer et al., creditors of the alleged bankrupt, in the superior court for the county of Suffolk in the

commonwealth of Massachusetts, sitting as a court of equity, in which it was represented that the company was solvent; that said proceedings in equity purported to have been instituted adversely to said company and in the interest of creditors; that the company assented to these proceedings and to the appointment of said receivers; that the petitioners in bankruptcy, relying on the sworn allegations of the complainants and of the answer of the company, refrained from asking for the adjudication of the company in bankruptcy, until August, 1931, when the petitioners for the first time learned of the insolvent condition of the Houghton & Dutton Company; and that the proceeding for the appointment of receivers was not adverse, but had the active co-operation of the Houghton & Dutton Company from its inception.

To this petition the receivers in the equity proceedings, pursuant to an order of the state court, and a large number of creditors filed separate answers, each answer formally denying the insolvency of the Houghton & Dutton Company; the receivers and several of the creditors setting up affirmative matter in defense.

The answer of the Boston Publishing Company, a creditor to the extent of $35,000, and its answer being the fullest and containing all affirmative matter of defense set up in any of the other answers, may be thus briefly summarized: It formally denies the insolvency of the company, or that within four months of the filing of the petition in bankruptcy the Houghton & Dutton Company had committed any act of bankruptcy, and also specifically denies each alleged act of bankruptcy set up in the petition; it admits that in December, 1930, proceedings in equity were instituted in the superior court of Suffolk county by creditors, and that the officers of the company, duly authorized, assented to the receivership proceedings; that, after notice to all its creditors, and none opposing, permanent receivers were appointed and took possession of the assets of the company, and under the decree of the court have continued to conduct the business of the company as a department store; that the payment to said Sperry & Hutchinson Company in June, 1931, was for overdue interest on a collateral note in order to preserve the collateral for the benefit of creditors, and was done with the approval of the equity court; that in August, 1931, by decree of the equity court, after due notice to all creditors that bids would be received for the assets of the company, an offer was accepted for all the assets of the company; that the bid, approved by the court, provided for the redemption of the collateral pledged to Sperry & Hutchinson Company as security for the loan, to whom it is alleged in the petition preferences were thus given, said collateral consisting of shares in a real estate trust, owning or controlling the main part of the building in which the business of the company is conducted, and in which the successful bidders propose to continue the business, said shares representing the equity in said real estate and controlling a lease of the premises to the company on favorable terms; that two of the petitioners filed their claims with a creditors' committee, with authority to represent them in the receivership proceedings; that counsel for said creditors' committee, who is also counsel for the petitioners in these proceedings, filed the claims of at least two of the petitioners with the receivers in the equity proceedings, and actively participated in the receivership proceedings from the beginning up to the time of the acceptance of the successful bidder for the assets in August, 1931, and at that time urged upon the court the acceptance of a competitive bid.

To these answers were attached certain decrees of the superior court confirming the several acts of receivers set forth in the petition in bankruptcy as acts of bankruptcy by the alleged bankrupt within four months of the filing of the petition, and also a duly authenticated decree authorizing their appointment and defining their powers and restraining the Houghton & Dutton Company from in any way disposing of its assets or interfering with the receivers. A copy of the bill of complaint in the equity court is not made a part of the petition or of the answer.

On September 10, 1931, the receivers filed a motion in the bankruptcy court that the court hear forthwith the issues raised by the petition and answers, and make such orders as the court sees fit for the disposition of the case.

What was intended by the motion is, perhaps, made clear by the colloquy between court and counsel that took place on the date assigned for the hearing:

Mr. Silverman (counsel for petitioning creditors): "I should first like to know whether or not we are appearing here on a motion to dismiss, which is purely a matter of law, or whether on the facts alleged by the bankruptcy petition and the answers thereto."

Mr. Evarts (counsel for the receivers): "As far as the receivers are concerned, there is no motion to dismiss, Your Honor; it is simply a motion that the court hear forthwith the issues raised by the petition and the answers filed thereto, or make such other order for the prompt disposition of the bankruptcy proceedings as the court may see fit."

No evidence was offered by either party; and, although all the allegations of the petition were denied by the answers and under rule 31 of Equity Rules (28 USCA § 723), applicable to pleadings in the bankruptcy courts, all the allegations of the answers are assumed to be denied without the filing of a replication, certain facts, sufficient, we think, to dispose of the case, were admitted by counsel in open court in a colloquy between court and counsel for the petitioners.

It is conceded that a bill in equity was filed in the superior court for Suffolk county on December 2, 1930, by several creditors of the Houghton & Dutton Company, and that in form at least the proceedings were adverse to the Houghton & Dutton Company. It is also conceded that Houghton & Dutton Company through its officers duly authorized the filing of an answer admitting the allegations in the bill of complaint and joining in the prayer for the appointment of a receiver. It also appears from statements of counsel that the preferences alleged in the bankruptcy petition were payments of interest to a creditor holding a collateral note, and were paid by the direction or with the approval of the equity court. It also is conceded that the decree authorizing the sale of the assets in August involving payments to said creditor of its loan was done by order of the equity court after hearing and the acceptance of a competitive bid for all the assets of the company, which bid required the release of the collateral.

It is also conceded that there was a large amount of indebtedness; that the receivers have conducted the business as a department store for over nine months, but at a loss of nearly $100,000; that at least two of the petitioning creditors here filed their claims with a creditors' committee, which committee employed present counsel for the petitioners to represent it in the receivership proceedings in the state court; that they did so from the inception, and suggested the name of one of the receivers who were appointed, and continued to take part in the proceedings representing the creditors' committee up to the time of the acceptance of the bid of the successful bidder, they urging the acceptance of a competitive bid. It follows without further proof, we think, that counsel for the creditors' committee and the petitioners here, since December 9, 1930, must be held to have been familiar with the fact that the Houghton & Dutton Company filed an answer in the equity proceedings in the equity court admitting the allegations in the bill of complaint, and joined in the prayer for the appointment of receivers, and that its manager was one of the receivers.

The bankruptcy court held that the petitioning creditors, who had through the creditors' committee been represented by counsel in the receivership proceedings, proved their claims with the receivers, and raised no objections to the assets of the Houghton & Dutton Company being administered in equity in the state court until after the bid favored by counsel was rejected—all of which was admitted by counsel—were now estopped from asking that the estate be transferred to and settled in the bankruptcy court.

█ Unless fraud clearly appears, creditors who participate in an assignment for the benefit of creditors or in receivership proceedings without objection are estopped from instituting bankruptcy proceedings. Simonson v. Sinsheimer (C. C. A.) 95 F. 948; In re Lucey Mfg. Corp. (C. C. A.) 9 F.(2d) 313; Lowenstein v. Henry McShane Mfg. Co. (D. C.) 130 F. 1007; Ohio Motor Car Co. v. Eiseman Magneto Co. (C. C. A.) 230 F. 370.

Counsel for the petitioners, however, contend that the proceedings in the state court were not adverse, but collusive; and, inasmuch as the company was represented as solvent, it constituted a fraud on the creditors, and that one is not estopped when one is misled by fraud or is ignorant of the facts. But there is no direct allegation of fraud in the petition in bankruptcy on the part of the company in the receivership proceedings. The bringing of a bill in equity in a state court with allegations sufficient to warrant the appointment of receivers and the filing of an answer admitting the allegations in the complaint and joining in the prayer for receivers, and the appointment by the state court of temporary receivers, and, after notice to creditors, of permanent receivers, does not of itself necessarily indicate fraud, or that it was done to hinder or delay creditors, or that it was collusive in the sense of being fraudulent. It may well have been done to protect the assets of the company in the interest of all the creditors. The officers of the Houghton & Dutton Company may have, in December, 1930, in good faith, believed it was

solvent within the definition of insolvency in section 1a(15) of the Bankruptcy Act (11 USCA § 1 (15). So far as any allegations of facts appear in the bankruptcy petition, the proceedings in the state court were not inconsistent with one in which several creditors join in bringing a complaint in behalf of themselves and any other creditors who may join, to prevent a wasting of assets, to which a debtor assents.

■ However, upon admissions by counsel in open court, and the statements made by counsel in reply to questions by the court, we think a much stronger ground for dismissing the petition was presented than that adopted by the court; and where, even though the grounds for the decision of the court below are insufficient, sufficient grounds on which the decision might have been based are actually disclosed on the record, a correct decision will not be disturbed. Dean v. Davis (C. C. A.) 212 F. 88; Erwin v. Lowry, 7 How. 172, 12 L. Ed. 655.

In the absence of any direct allegation of fraud in the petition in bankruptcy or clear proof thereof, we think for the purposes of this case that the application for receivers in the state court should be regarded as made by creditors adversely and not by the Houghton & Dutton Company, In re Wm. S. Butler & Co. (C. C. A.) 207 F. 705, 712, and that the proceedings there, while not conforming, so far as the record discloses, to a strict creditors' bill, in that it was not brought by judgment creditors after a return of nulla bona on execution, since no one objected to the jurisdiction of the equity court on that ground, should be treated as a creditors' bill. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 500, 43 S. Ct. 454, 67 L. Ed. 763; In re Wm. S. Butler & Co., supra; Harkin v. Brundage, 276 U. S. 36, 52, 48 S. Ct. 268, 72 L. Ed. 457.

■ If, then, the proceedings in the state court must be treated as based on a creditors' bill, the creditors joining in the proceedings acquired a lien on the assets of the alleged bankrupt more than four months before the filing of the petition in bankruptcy. The allegations in the bankruptcy petition that the appointment of receivers on December 2, 1930, was a continuing act of bankruptcy up to within four months of the filing of the petition in bankruptcy cannot be sustained. If it were an act of bankruptcy, it took place on the above date. And neither the payment to Sperry & Hutchinson Company in June, 1931, of interest on the collateral note under decree of the equity court, nor the permitting without protest the decree

affirming a bid for sale of all the assets of the company, which involved the redemption of the collateral by the payment of the loan, can, under the circumstances described in the record, be held to be an act of bankruptcy by the Houghton & Dutton Company within the meaning of section 3 of the Bankruptcy Act (11 USCA § 21), unless we assume that the state court deliberately shut its eyes to what would be an obvious and palpable fraud on the creditors, if, as contended by counsel, preferences were thereby intended to be given.

Whether the Houghton & Dutton Company was solvent or insolvent in December, 1930, the superior court of Suffolk county—which this court, unless it is clearly shown to the contrary, must assume acted in good faith—must have found on the petition and answer filed in that court grounds for the appointing of receivers to preserve the assets for the benefit of the creditors. The cases are substantially, if not universally, in accord, that, when the assets of a debtor are taken into possession by a state court under a creditors' bill, the complaining creditors and all others participating acquire an equitable lien on the assets of the debtor, and, when such lien has existed more than four months, it cannot be disturbed under section 67 (11 USCA § 107), by a court of bankruptcy, the petition in bankruptcy will be dismissed, and the state court will be permitted to administer the property. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Blair v. Brailey (C. C. A.) 221 F. 1, 3; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; In re Bartlett Oil & Gas Corp. (D. C.) 44 F.(2d) 616, 620; Clements v. Conyers (C. C. A.) 32 F.(2d) 5; In re Williams (D. C.) 240 F. 788, 794; Griffin v. Lenhart (C. C. A.) 266 F. 671; Neely v. McGehee (C. C. A.) 2 F.(2d) 853; Boyle v. Gray (C. C. A.) 28 F.(2d) 7.

The cases of Miller v. Potts (C. C. A.) 26 F.(2d) 851, and Bank of Andrews v. Gudger (C. C. A.) 212 F. 49, have been frequently differentiated from those above cited on the ground that the actions in the state courts in the last two cases cited were stockholders' bills, and a stockholder can gain no rights over creditors in a bankruptcy court by a proceeding in a state court for winding up a corporation.

To quote briefly from the case of Blair v. Brailey, supra: "The Georgia court, by its appointment of the receivers and having them take possession of the property of the defendant in the suit, acquired the custody and con-

trol of that property for the purposes sought to be accomplished by the suit. Those proceedings effected a seizure of the property preliminary to making out of it the money required to satisfy the demands of the plaintiff and of other creditors who might intervene in the suit or prove their claims therein. What was done amounted to an equitable attachment of the property. From the date such seizure was effected the property was held under the process of the court, an end which the court's proceedings had in view being the application of the proceeds of the sale of that property to the satisfaction of the demands asserted by the bill or under it. There was a 'levy' within the meaning of that term as it is used in section 67f of the Bankruptcy Act [11 USCA § 107(f)]. In re Tyler, 149 U. S. 164, 183, 13 S. Ct. 785, 37 L. Ed. 689; Central Railroad v. Pettus, 113 U. S. 116, 124, 5 S. Ct. 387, 28 L. Ed. 915; Horn v. Pere Marquette R. Co. (C. C.) 151 F. 626; Frazier v. Southern Loan & Trust Co., 99 F. 707, 713, 40 C. C. A. 76; 25 Cyc. 206. And that levy having been made more than four months prior to the filing of the petition in bankruptcy, it was not avoided by the adjudication of bankruptcy made in pursuance of the petition. Metcalf v. Barker, supra."

It would be futile, therefore, to adjudicate the Houghton & Dutton Company a bankrupt now.

While the jurisdiction of the bankruptcy court is ordinarily exclusive, where, under circumstances such as exist here, receivers have conducted a going business under a decree of court for nearly a year, hired and paid employees, bought and sold merchandise, and conducted the affairs of the debtor up to the point of disposing of its assets and distributing the proceeds, and the transfer to the court of bankruptcy would by reason of the extra expense entailed materially lessen the estate, the bankruptcy court may, in the exercise of a wise discretion, permit the state court to finish the work it has begun. In re Morosco Holding Co. (D. C.) 296 F. 516, 522; Bank of Dillon v. Murchison et al. (C. C. A.) 213 F. 147.

In re Harkin v. Brundage, 276 U. S. 36, 52, 48 S. Ct. 268, 72 L. Ed. 457, Taft, C. J., said, in substance, that, while the true rule in equity is that under ordinary circumstances a creditors' bill may not be brought except by a judgment creditor after a return of nulla bona on execution, yet, when a receiver has been irregularly appointed on a bill brought by simple creditors without objection, and the administration has proceeded to such a point that it would be detrimental to all concerned to discharge the receiver, the receivership has been permitted to go on.

The order or decree of the District Court is affirmed, with costs.